IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL POSTAL MAIL HANDLERS | : | |
| UNION, A DIVISION OF THE | : | |
| LABORERS' INTERNATIONAL UNION | : | |
| OF NORTH AMERICA | : | |
| 1101 Connecticut Avenue, N.W., Suite 500 | : | |
| Washington, D.C. 20036, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| AMERICAN POSTAL WORKERS UNION, | : | |
| AFL-CIO | : | |
| 1300 L Street, N.W. | : | |
| Washington, D.C. 20005 | : | |
| | : | |
| and | : | |
| | : | |
| UNITED STATES POSTAL SERVICE | : | |
| 475 L'Enfant Plaza, S.W. | : | |
| Washington, D.C. 20260, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT TO VACATE AN ARBITRATION AWARD

1.      This is an action brought by the National Postal Mail Handlers Union, a Division

of the Laborers' International Union of North America ("NPMHU"), under 39 U.S.C. § 1208(b)

for breach of a tripartite agreement between the NPMHU, the American Postal Workers Union,

AFL-CIO ("APWU") and the United States Postal Service ("the Postal Service").  By this action,

the NPMHU seeks to vacate the award of Arbitrator Donald A. Anderson in Case # F98C-IFJ-

01185458 (Loading Dock Scanning), on the ground that in issuing the award Arbitrator

Anderson exceeded his authority under the tripartite agreement.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction over the parties under 39 U.S.C. §§ 409 and 1208(b), and under 28 U.S.C. §§ 1331, 1337, 2201 and 2202.

3.    Venue is proper pursuant to 39 U.S.C. § 1208(b) and 28 U.S.C. § 1391(b).

**PARTIES**

4.    Plaintiff NPMHU is an unincorporated labor organization with its offices at 1101 Connecticut Avenue, N.W., Suite 500, Washington, D.C. 20036.  The NPMHU is party to a collective bargaining agreement with the Postal Service and represents, for purposes of collective bargaining, approximately 57,000 employees of the Postal Service in the mail handler craft nationwide.

5.    Defendant APWU is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005.  The APWU is party to a collective bargaining agreement with the Postal Service and represents, for purposes of collective bargaining, approximately 280,000 employees of the Postal Service, including approximately 214,000 in the classifications comprising postal clerks nationwide.

6.    Defendant Postal Service is an independent establishment of the executive branch of the United States Government, as provided by 39 U.S.C. § 201.  The Postal Service's headquarters are located at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

**CAUSE OF ACTION**
(Under 39 U.S.C. § 1208(b), For Breach of Contract)

7.    The NPMHU, the APWU and the Postal Service are parties to a tripartite agreement titled "Memorandum of Understanding" concerning "Regional Instruction 399 – Dispute Resolution Procedures".  That tripartite agreement establishes procedures (including arbitration) for the resolution of certain kinds of jurisdictional disputes between the NPMHU and

the APWU, while at the same time foreclosing those parties from raising (and, perforce, the arbitrators appointed under the tripartite agreement from deciding) certain other kinds of jurisdictional disputes.

8.      On June 27, 2006, an arbitration hearing in Case # F98C-IFJ-01185458 (Loading Dock Scanning) was held before Arbitrator Donald A. Anderson—one of several regional arbitrators who had been appointed by the parties pursuant to their tripartite agreement.  On August 23, 2006, Arbitrator Anderson issued his award in that case, and mailed copies of the award to each of the parties to the proceeding.  The NPMHU received its copy of the award from Arbitrator Anderson on September 11, 2006.

9.      In his award, Arbitrator Anderson rendered a decision on the merits of a jurisdictional dispute asserted by the APWU over the assignment of certain scanning work at a Postal Service facility located in Oakland, California.  Arbitrator Anderson did so based on his stated conclusion that the parties to the arbitration proceeding had agreed to submit the jurisdictional dispute in question to him for a decision on the merits.  That stated conclusion was incorrect; the NPMHU and the Postal Service never agreed to submit the jurisdictional dispute in question to Arbitrator Anderson for a decision on the merits.  To the contrary, the NPMHU and the Postal Service both argued to Arbitrator Anderson that the jurisdictional dispute in question was not among the kinds of jurisdictional disputes that are subject to arbitration under the parties' tripartite agreement, and the only issue that they agreed to submit to Arbitrator Anderson for decision was that threshold issue of arbitrability (a threshold issue that Arbitrator Anderson failed to reach given his erroneous conclusion that the NPMHU and the Postal Service had agreed to submit the merits issue to him for decision).

10.    By rendering a decision on a merits issue that the parties to the arbitration proceeding had not in fact agreed to submit to him, Arbitrator Anderson exceeded his authority under the parties' tripartite agreement, and his award cannot stand.

### PRAYER FOR RELIEF

WHEREFORE, the NPMHU asks this Court to vacate Arbitrator Anderson's award in Case # F98C-IFJ-01185458 (Loading Dock Scanning) and direct the parties to cease and desist from complying with that award; and to grant the NPMHU such other and further relief to which it may be entitled.

Respectfully submitted,

_____
Bruce R. Lerner (D.C. Bar No. 384757)
Andrew D. Roth (D.C. Bar No. 414038)
Jennifer L. Hunter (D.C. Bar No. 495827)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, DC  20005
Telephone: (202) 842-2600
Facsimile:  (202) 842-1888

Dated:  November 20, 2006

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

National Postal Mail Handlers Union

*11001*

11001

## DEFENDANTS

American Postal Workers Union and United States
Postal Service

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W. Suite 1000
Washington, D.C. 20005

CASE NUMBER   1:06CV01986

JUDGE: James Robertson

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 11/20/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 3 Federal Question
   (U.S. Government Not a Party)

◉ 2 U.S. Government
   Defendant

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**          OR          ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

③

USPS
USA
USAG } only

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act)  *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ◎ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☒ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◎ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
39 U.S.C. Section 1208(b) for breach of contract between labor organizations representing Postal Service employees and Postal Service

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** _____    Check YES only if demanded in complaint    **JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  11/20/06    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.