```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
NATIONAL POSTAL MAIL HANDLERS  )
UNION, A DIVISION OF LABORERS' )
INTERNATIONAL UNION OF NORTH   )
AMERICA,                       )
                               )
              Plaintiff,       )
                               )
         v.                    )    Civil Action No. 1:06CV01986
                               )
                               )
AMERICAN POSTAL WORKERS UNION, )    Judge James Robertson
AFL-CIO                        )
                               )
         and                   )
                               )
UNITED STATES POSTAL SERVICE,  )
                               )
              Defendants       )
_____)
```

**AMENDED ANSWER AND COUNTERCLAIM OF THE
AMERICAN POSTAL WORKERS UNION, AFL-CIO**

The American Postal Workers Union, AFL-CIO ("APWU") answers the complaint of the National Postal Mail Handlers Union, a Division of the Laborers' International Union of North America ("MHU"), by corresponding paragraph numbers as follows. All allegations not expressly admitted are denied.

    1.  This paragraph describes the nature of the action and as such no answer is required.

    2.  Admitted that the Court has jurisdiction over the parties.

    3.  Admitted that venue is proper.

    4.  Admitted.

5. Admitted.

6. Admitted.

7. Admitted that the parties have entered into a tripartite agreement entitled "Memorandum of Understanding" concerning "Regional Instruction 399 – Dispute Resolution Procedures" ("MOU") which, among other things, establish procedures (including arbitration) to resolve jurisdictional disputes among the parties; otherwise denied. The APWU respectfully refers the Court to the MOU for its contents.

8. Admitted except as to the date on which the MHU received its copy of the Award of Arbitrator Donald A. Anderson ("the Award"), about which the APWU has insufficient knowledge to for a belief as to its truth, and it is therefore denied

9. Denied. Further answering, the APWU respectfully refers the Court to the contents of the Award.

10. Denied.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. The complaint is untimely.

WHEREFORE the APWU demands that the MHU's action be dismissed and that the Court award to the APWU its costs and attorneys' fees.

**APWU COUNTERCLAIM TO COMPEL ARBITRATION**

**INTRODUCTION**

1.   This is a counterclaim by the APWU to compel the MHU and the Postal Service to arbitrate a jurisdictional dispute involving the proper craft to perform the keying function on the Linear Parcel Sorter ("LIPS") machine at the Seattle Bulk Mail Center ("BMC") in accordance with the "Memorandum of Understanding" concerning "Regional Instruction 399 – Dispute Resolution Procedures" (the "MOU") which, among other things, established procedures (including arbitration) to resolve jurisdictional disputes among the parties.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction over the parties under 39 U.S.C. §§ 409 and 1208(b), and under 28 U.S.C. §§ 1331, 1337, 2201, and 2202.

3.   Venue is proper under 39 U.S.C. § 1208(b) and 28 U.S.C. § 1391.

**PARTIES**

4. The APWU is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005.  The APWU is party to a collective bargaining agreement with the Postal Service and represents, for purposes of collective bargaining, approximately 280,000 employees of the Postal Service nationwide, including postal clerks in the clerk craft.

5.   Defendant MHU is an unincorporated labor organization with its offices at 1101 Connecticut Avenue, N.W., Suite 500 Washington, D.C. 20036.  The MHU is party to a separate

collective bargaining agreement with the Postal Service and represents, for purposes of collective bargaining, approximately 57,000 employees of the Postal Service.

6. The Postal Service is an independent establishment of the Executive Branch of the Government of the United States under 39 U.S.C. § 101 .  Postal Service headquarters are at 475 L'Enfant Plaza, S.W., Washington, D.C.  20260.

## STATEMENT OF FACTS

7. On April 16, 1992, the APWU, the MHU and the Postal Service signed the MOU, which established a "new procedure for resolving jurisdictional disputes" which provided, among other things, for panels of arbitrators appointed jointly by the parties a the Regional level to resolve jurisdictional disputes.

8.  A dispute in Case No. E00C-1E-J 02123526 02C012 arose over the proper craft to perform the keying function on the LIPS machine at the Seattle BMC.  This dispute was subject to the procedures established under the MOU, including arbitration.

9.  The practice of the parties has been for representatives of all three parties to sign and send scheduling letters addressed to the arbitrator selected to hear the particular dispute.

10.  The parties agreed that this dispute would be heard by Arbitrator Howell Lankford on August 29, 2006, at the Seattle BMC, starting at 9:00 a.m.

11.  The APWU made several requests to representatives of the MHU and the Postal Service to sign and send a scheduling letter to Arbitrator Lankford to hear the dispute as was

previously agreed by the parties.

12.  The MHU and the Postal Service have failed to sign and send a scheduling letter to Arbitrator Lankford as requested by the APWU.

13.  The APWU is justified in concluding that the MHU and the Postal Service have refused to sign and send a scheduling letter to Arbitrator Lankford as requested by the APWU.

**PRAYER FOR RELIEF**

WHEREFORE, the APWU asks that this Court to issue a decision and order:

(1) Finding that the MHU and the Postal Service in breach of the MOU and also of the agreement to arbitrate this dispute before Arbitrator Howell Lankford on August 29, 2006, at the Seattle BMC, starting at 9:00 a.m.;

(2) Ordering the MHU and the Postal Service forthwith to sign and send a scheduling letter to Arbitrator Lankford to hear the dispute and to proceed to arbitration expeditiously.

(3) Making the APWU and the clerks it represents at the Seattle BMC whole for losses occasioned by the refusal of the MHU and the Postal Service to schedule arbitration before Arbitrator Lankford at the time and place previously agreed to by the parties; and

(4)  Granting the APWU such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Anton G. Hajjar

        _____
        Anton G. Hajjar (D.C. Bar No. 359267)
        O'DONNELL, SCHWARTZ & ANDERSON, P.C.
        1300 L Street, NW, Suite 200
        Washington, D.C.  20005-4178
        Telephone (202) 898-1707
        Facsimile (202) 682-9276
        ahajjar@odsalaw.com

Dated: February 26, 2007