**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
NATIONAL POSTAL MAIL HANDLERS               )
  UNION, A DIVISION OF THE LABORERS'        )
  INTERNATIONAL UNION OF NORTH              )
  AMERICA, AFL-CIO,                         )
                                            )
        Plaintiff & Counterclaim            )
            Defendant,                      )
    v.                                      )    Civil Action No. 1:06CV1986 (JR)
                                            )
AMERICAN POSTAL WORKERS UNION,              )
  AFL-CIO,                                  )
                                            )
        Defendant & Counter-Claimant,       )
                                            )
  and                                       )
                                            )
UNITED STATES POSTAL SERVICE,               )
                                            )
        Defendant & Cross-Claim             )
            Defendant.                      )
_____)

**UNITED STATES POSTAL SERVICE'S ANSWER**
**TO AMENDED CROSS-CLAIM OF THE APWU**[1]

In answer to the Amended "APWU Counterclaim to Compel Arbitration" filed by Defendant and Counter-Claimant American Postal Workers Union, AFL-CIO ("APWU") on February 26, 2007 [R.18 at p. 3], the United States Postal Service ("Postal Service") answers as follows:

INTRODUCTION

1.    Paragraph 1 contains APWU's characterizations of its cause of action to which no

---

[1] Although the APWU's claim seeking to compel arbitration is designated as a counterclaim as to the National Postal Mail Handlers Union ("NPMHU"), pursuant to Fed. R. Civ. P. 13(g), the claim should also be designated as a cross-claim as to the Postal Service.

response is necessary.

## JURISDICTION AND VENUE

2.-3.    Paragraphs 2 and 3 are APWU's averments concerning jurisdiction and venue to which no response is necesssary.

## PARTIES

4.    The Postal Service admits the allegations of Paragraph 4.

5.    The Postal Service admits the allegations of Paragraph 5.

6.    The Postal Service admits the allegations of Paragraph 6.

## STATEMENT OF FACTS

7.    The Postal Service admits that all parties have signed the referenced MOU and respectfully refers to the document for its contents.

8.    The Postal Service admits that a dispute arose over the proper craft to perform a certain keying function on the Linear Parcel Sorter ("LIPS") machine at the Seattle Bulk Mail Facility ("BMC").  In response to APWU's allegations regarding the scope of the referenced MOU, the Postal Service respectfully refers to the document.

9.    The Postal Service admits that "the practice of the parties" has been "to sign and send scheduling letters addressed to the arbitrator" only after an agreement to hold arbitration on a specific date has been reached.

10.    The Postal Service denies the allegations of paragraph 10.

11.    The Postal Service admits that a representative of the APWU requested that the Postal Service reconsider its decision not to sign a scheduling letter to the arbitrator but denies that the parties has "previously agreed" to arbitrate this dispute.   The Postal Service denies knowledge sufficient to form a belief as to the allegations regarding the NPMHU.

12. The Postal Service admits the allegations of paragraph 12.

13. The Postal Service admits that it has refused to reconsider its decision not to sign a scheduling letter to the arbitrator. The Postal Service denies knowledge sufficient to form a belief as to the allegations regarding the NPMHU.

## PRAYER FOR RELIEF

The remainder of the counterclaim is APWU's prayer for relief to which no response is required. To the extent that a response is deemed required, deny.

Having fully answered APWU's counterclaim to compel arbitration, Defendant Postal Service respectfully requests that this Court enter judgment dismissing the counterclaim, remanding the dispute to the parties, and/or awarding the Postal Service such other relief as this Court deems just and proper.

                                            Respectfully submitted,

                                            _____/s/_____
                                            JEFFREY A. TAYLOR , Bar # 498610
                                            United States Attorney

                                            _____/s/_____
                                            RUDOLPH CONTRERAS, Bar # 434122
                                            Assistant United States Attorney

                                            _____/s/_____
                                            CLAIRE WHITAKER, Bar # 354530
                                            Assistant United States Attorney
                                            555 Fourth Street, NW, Tenth Floor
                                            Washington, DC 20530

Of Counsel:                              202-514-7137
DENNIS E. SZYBALA
United States Postal Service