IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Civil Action No. 1:06CV01986 <br> : |
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, et al., | : <br> : <br> : |
| Defendants. | : |

**<u>SUPPLEMENTAL JOINT RULE 16.3 STATEMENT</u>**

Plaintiff/Counterclaim Defendant National Postal Mail Handlers Union ("NPMHU"), Defendant/Counterclaim Plaintiff American Postal Workers Union ("AWPU") and Defendant United States Postal Service ("USPS"), through their respective counsel, hereby submit this Supplemental Joint Rule 16.3 statement addressing the APWU's Counterclaim. The Court previously entered a scheduling order addressing the NPMHU's initial Complaint on March 21, 2007.

In its Complaint, the NPMHU seeks to vacate an arbitration award on the ground that the arbitrator exceeded his authority under a tripartite agreement between the NPMHU, APWU and USPS. The APWU denies that the arbitrator exceeded his authority under the parties' tripartite agreement. The USPS agrees with the NPMHU that the arbitrator's award should be vacated.

In its Counterclaim, APWU alleges that the NPMHU and the USPS breached an agreement to arbitrate a dispute under the parties' tripartite agreement and an obligation to arbitrate under a 1992 Memorandum of Agreement, and seeks to compel the NPMHU and the USPS to arbitrate that dispute. The NPMHU denies that the existence of a binding, enforceable agreement to arbitrate the dispute in question. The USPS agrees with the NPMHU that there was

not a binding, enforceable agreement to arbitrate the dispute in question, but reserves the right to move to dismiss the APWU's permissive counterclaim.

With respect to matters to be discussed by the parties, in accordance with LCvR 16.3(a), the parties state the following:

1. The parties believe that the issues raised in the Complaint likely will be disposed of by dispositive motions. There is no dispositive motion currently pending. The parties cannot say whether the Counterclaim will be decided on cross-motions for summary judgment.

2. The parties have already agreed that any amendments to the pleadings would be made by March 7, 2007, and that the USPS will respond to the APWU's Counterclaim by March 21, 2007. The parties agree that no other parties will be joined and that the factual and legal issues presented can be agreed upon or narrowed.

3. The parties agree that this case should not be assigned to a magistrate judge.

4. The parties believe that the prospect for settling the Complaint is case is remote, but they may engage in settlement discussions in the future. The APWU believes that the prospect of settling the Counterclaim is fair to good. The NPMHU and USPS disagree.

5. The APWU believes that ADR would be useful in this case. The NPMHU and USPS disagree.

6. The parties anticipate that the Complaint will be resolved by cross-motions for summary judgment. The parties propose that such motions be filed on or before July 31, 2007; opposition briefs be filed on or before August 31, 2007; and reply briefs, if any, be filed on or before September 17, 2007. (These are the same dates contained in the Court's March 21, 2007, order.)

7. The parties agree to serve Fed. R. Civ. P. 26(a)(1) disclosures as follows: by April 9, 2007, the USPS will produce documents related to the NPMHU's claim to vacate the arbitration award and to the APWU's Counterclaim, and by April 16, 2007, any additional documents relating to that claim in the possession of the APWU and NPMHU will be produced. In so agreeing, the USPS reserves its right to move to dismiss the APWU's counterclaim.

8. The parties believe that they will conduct only limited discovery, but do not believe that it is necessary to adopt further limitations on discovery beyond those stated in the Federal Rules of Civil Procedure. The parties propose a period of discovery, concluding on May 31, 2007. In agreeing to a discovery schedule, the USPS does not waive its right to move to dismiss the APWU's counterclaim. The parties do not anticipate the need for a protective order, but will attempt to file a proposed stipulated protective order if necessary.

9. The parties do not anticipate presenting expert testimony.

10. This case has not been filed as a class action.

11. The parties do not believe that there is any need to bifurcate discovery.

12. The parties suggest that the Court schedule a pretrial conference, if one becomes necessary, within 60 days of the final disposition of the parties' summary judgment motions.

13. The parties respectfully suggest that the Court set a trial date, if one becomes necessary, at the pretrial conference; however, the parties believe that the matter will be resolved by dispositive motion.

14. There are no other matters that the parties believed are appropriate for inclusion in a scheduling order. An agreed proposed scheduling order is attached, except that in so agreeing the USPS reserves its right to move to dismiss the APWU's counterclaim.

                                              Respectfully submitted,

| | |
|---|---|
|     /s/ Dora V. Chen |     /s/ Anton G. Hajjar |
| Bruce R. Lerner (D.C. Bar No. 384757) | Anton G. Hajjar (D.C. Bar No. 359267) |
| Andrew D. Roth (D.C. Bar No. 414038) | O'Donnell, Schwartz & Anderson, P.C. |
| Dora V. Chen (D.C. Bar No. 485200) | 1300 L Street, NW, Suite 200 |
| Bredhoff & Kaiser, P.L.L.C. | Washington, DC 20005-4178 |
| 805 Fifteenth Street, N.W. | (202) 898-1707 |
| Washington, D.C. 20005 | |
| (202) 842-2600 | *Attorney for Defendant American Postal Workers Union* |
| *Attorneys for Plaintiff National Postal Mail Handlers Union* | |

                                                  /s/ Claire Whitaker
                                              Claire Whitaker (D.C. Bar No. 354530)
                                              Assistant United States Attorney
                                              555 4th Street, NW, Room E-4204
                                              Washington, DC 20530
                                              (202) 514-7137

                                              *Attorney for Defendant United States Postal Service*

Dated: April 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 1:06CV01986 |
| | : |
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, et al., | : |
| | : |
| Defendants. | : |

## SCHEUDLING ORDER

The matter came before the Court on the parties' Joint Rule 16.3 Statement.

For good cause shown, it is **ORDERED** that the parties will adhere to the following deadlines in this litigation.

1.   The parties shall serve Fed. R. Civ. P. 26(a)(1) disclosures as follows: by April 9, 2007, the United States Postal Service shall produce documents related to the National Postal Mail Handlers Union's claim to vacate the arbitration award and to the American Postal Workers Union's Counterclaim, and by April 16, 2007, any additional documents relating to that claim in the possession of the APWU and NPMHU shall be produced.

2.   Discovery will close on May 31, 2007.

3.   Any motions for summary judgment will be filed on or before July 31, 2007. Opposition briefs will be filed on or before August 31, 2007. Reply briefs, if any, will be filed on or before September 17, 2007.

  4. The Court will schedule a pretrial conference, if necessary, within 60 days of the final disposition of the parties' summary judgment motions. The trial date will be set at the pretrial conference.

                 _____

                 James Robertson
                 United States District Judge