UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>            and<br><br>UNITED STATES POSTAL SERVICE,<br><br>              Defendants | Civil Action No. 1:06CV01986<br><br>Judge James Robertson |

## MEMORANDUM OF AMERICAN POSTAL WORKERS UNION, AFL-CIO, IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF THE UNITED STATES POSTAL SERVICE

The American Postal Workers Union, AFL-CIO ("the APWU"), asks the Court to deny the motion for summary judgment of the United States Postal Service. The Postal Service agrees with NPMHU that this Court should vacate the award of arbitrator Donald A. Anderson ("Anderson") resolving work jurisdiction dispute over whether employees of the Postal Service represented by the APWU or the NPMHU should perform certain scanning work. The matter was heard before Arbitrator Donald A. Anderson, who issued an award on August 23, 2006. All parties agree that the three parties' mutual agreement governing work jurisdiction disputes - the memorandum dated April 16, 1992, entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 - Dispute Resolution Procedures" ("the MOU") - specifies the

procedures for resolving jurisdictional disputes among the parties, and defines arbitrator Anderson's authority. Rec. 0196-0203.[1] The MOU states that "all parties shall be bound by the arbitrator's award whether or not they participate in the arbitration proceedings. The arbitrator's award shall be final and binding." Rec. 0197.

The award states (Rec. 0009): "The Employer violated RI-399 when it chose to assign a Mail Handler to perform scanning work on foreign mail at the OISC [Oakland International Service Center] as it did in this case. Such scanning is the primary work of clerk General Expeditor(s) [*sic*]."

As set forth below, the APWU disagrees about which facts are actually material. The only issue before the Court is whether Arbitrator Anderson exceeded his authority because, according to the complaint, the sole issue submitted to him for decision was whether the dispute was arbitrable, and that the parties did not authorize him to issue an award on the merits of the dispute. According to the complaint ( ¶ 9):

> In his award, Arbitrator Anderson rendered a decision on the merits of a jurisdictional dispute asserted by the APWU over the assignment of certain scanning work at a Postal Service facility located in Oakland, California. Arbitrator Anderson did so based on his stated conclusion that the parties to the arbitration proceeding had agreed to submit the jurisdictional dispute in question to him for a decision on the merits. That sated conclusion was incorrect; **the NPMHU and the Postal Service never agreed to submit the jurisdictional dispute in question to Arbitrator Anderson for a decision on the merits.** To the contrary, the NPMHU and the Postal Service both argued to Arbitrator Anderson that the jurisdictional dispute in question was not among the kinds of jurisdictional disputes that are subject to arbitration under the parties' tripartite agreement, and the only issue that they agreed to submit to Arbitrator Anderson for decision was that threshold issue of arbitrability (a threshold issue that Arbitrator Anderson failed to reach given his erroneous conclusion that the NPMHU and the Postal Service has agreed to submit the merits issue to him for decision).

---

[1] The parties stipulated to the record in this case. Pages cited will be cited as "Rec. ___."

2

According to the NPMHU (Complaint ¶ 10), the award should be vacated. We observed in our opening brief that, oddly, the Postal Service admitted the allegation in its answer, but in its prayer for relief, asks the Court to dismiss the complaint. We assumed that by this the Postal Service was saying that there is no case or controversy between it and the NPMHU providing the Court with Article III jurisdiction. Because the Postal Service is in any event a necessary party under Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure, however, the APWU believes that the Court does have jurisdiction in this action of the NPMHU against it.

ARGUMENT

The Postal Service pays lip service to the extraordinary high standard to vacate arbitration awards (see, e.g., Michigan Family Resources, Inc. v. Service E'ees Int'l Union, Local 517M, 475 F.3d 746 (6th Cir. Jan. 26, 2007) (*en banc*)), and proceeds to disregard it. PS Mem. at 8-9, 10-11. As viewed by the Postal Service, Arbitrator Anderson's award violated the agreement to arbitrate "both by (1) failing to actually decide whether the dispute was properly a jurisdictional dispute under RI-399 but instead finding that the parties has waived that issue despite and unequivocal agreement to the contrary, and (2) in ruling on the merits when he was not authorized to do so." PS Mem. at 9 (italics omitted). Both assertions are erroneous.

The words "waived" or "waiver" are not found in the award. Instead, as we explained in our opening brief, the arbitrator found that in fact the parties had agreed to arbitrate the dispute and, having so agreed, and the record being complete on both the arbitrability issue and the merits, he proceeded to decide the merits of the dispute. The Postal Service's contention that the parties reserved the right to argue arbitrability (PS Mem at 11) is entirely besides the point. The parties **did** argue arbitrability and the arbitrator duly noted those arguments. The arbitrator

3

devoted two pages of the award to those arguments. Rec. 0003-0004. The arbitrator summarized the APWU's position as follows: "It maintained that the grievance is arbitrable pursuant to the parties agreeing during the Regional Dispute Resolution Committee meeting ... that the issue be submitted for jurisdictional determination." The APWU's advocate contended, among other arguments, that the grievances originated in the APWU-Postal Service grievance processes and "[t]he cases then went to the RDRC [Regional Dispute Resolution Committee under the 1992 MOU] and all three parties agreed to process the case in RI-399." Rec. 0015. Agreeing with the APWU, the arbitrator found that "it remains clear that the parties all agreed the grievance should, initially at least, be arbitrated utilizing the RI-399 MOU process." Rec. 0003.

We do not understand how the Postal Service can contend that the arbitrator failed to decide the issue of arbitrability which the parties submitted to him. PS Mem. at 9. He plainly considered the issue and found that the dispute was arbitrable. Rec. 0003-0004. The arbitrator found that by submitting the jurisdictional dispute to him for determination, parties intended him to decide it. The record supports this conclusion. Under the 1992 MOU on jurisdictional disputes, **only** an RI-399 arbitrator like him could resolve a jurisdictional dispute. It must be recalled that the dispute started out as two APWU grievances under the APWU-Postal Service collective bargaining agreement alleging that the Postal Service violated Article 7 by making a cross-craft assignment of APWU clerk craft work to mailhandlers. Rec. 0065-0074. It is noteworthy that local management **agreed** with the APWU that the scanning work in question was that of the General Expediter. On April 30, 2001, the plant manager clarified the inventory of assignments, stating: "Scanning is the principle [*sic*] responsibility of the General Expeditor [*sic*]." Rec. 0071. Only in the RI-399 process did the Postal Service change its position on the

4

merits. The APWU and the Postal Service also agreed to hold the Article 7 crossing-craft dispute in abeyance pending the outcome of the RI-399 proceedings (stating that because "the grievance might involve a jurisdictional issue ... the grievance would be held in abeyance at Step 3 "until the jurisdictional issue is resolved ...."). Rec. 0039. By mutual agreement, the two parties referred the dispute to the RI-399 forum. Rec. 0051-0052, 0053-0054. In the meanwhile, as the APWU's advocate pointed out in his brief to the arbitrator (Rec. 0014-0015), the APWU's grievances alleging violations of the crossing craft prohibitions in its collective bargaining agreement with the Postal Service remained alive for a remedy if in the RI-399 process it was determined that scanning was clerk work, and if there was no decision on the merits there could be no remedy for the APWU, even if it was correct in its contention that scanning was clerk craft work. All this was ample evidence supporting Arbitrator Anderson's conclusion that the parties intended to obtain a decision on the jurisdictional issue.

Q&A No. 3 states (Rec. 0212 (emphasis added)):

3. If a grievance exists or is filed alleging a violation of the contract other than RI-399 (e.g., Article 7.2) and one of the parties believes the issue in the grievance constitutes a jurisdictional dispute, what if anything should be done with the grievance?

> Answer: **It must be referred to the Dispute Resolution Committee for an initial determination as to whether or not it involves a jurisdictional claim.** If it is determined it involves a jurisdictional claim, the grievance will be processed in the Dispute Resolution Procedures. If the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration for resolution prior to the parties addressing the merits of the dispute. The three parties shall review cases at the lowest possible level with raise the potential of containing a jurisdictional dispute so that the proper procedure is utilized to resolve disputes/grievances.

5

**Were the arbitrator disabled from resolving the dispute because it was allegedly untimely filed in that forum or for any other reason, a cross-craft grievance – whether filed by the APWU or the NPMHU, could never be resolved.** Thus, for example, were local management in Oakland to decide some time in the future to assign the scanning work to clerks instead of mailhandlers, the NPMHU could not challenge it because the Postal Service could unilaterally remove the dispute to the RI-399 process and argue that there was no dispute on file in April 1992. In other words, management would be free to assign to **either** union work claimed by **both** unions. But the 1992 MOU was intended to resolve disputes, not provide the Postal Service with a loophole to keep them from ever being decided. It is not conceivable that the NPMHU, any more than the APWU, intended this result when it negotiated the 1992 MOU. The arbitrator ruled that, in the circumstances of this case, when the parties agreed to deal with the dispute in the RI-399 procedure while holding APWU crossing craft grievances in abeyance, he was empowered to make a ruling on the merits despite the NPMHU and Postal Service claim that it was untimely.

The "scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator." W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am., 461 U.S. 757, 765 (1983); see Madison Hotel v. Hotel and Restaurant Employees, Local 23, AFL-CIO, 144 F.3d 855, 857 (D.C. Cir. 1998) (*en banc*). Similarly, an "arbitrator's view of the issues submitted to him for arbitration [also]...receives the same judicial deference as an arbitrator's interpretation of a collective bargaining agreement. Id. "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law – the practices of the industry

6

and the shop – is equally a part of the collective bargaining agreement although not expressed in it." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581 (1960). It was well within the arbitrator's right to arrive at this sensible interpretation of the 1992 MOU.

Under settled precedents, the deciding factor for the Court in any event is not what the arbitrator said to justify his decision but rather whether there is any "possible interpretive route" to uphold his award. See Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc., 935 F.2d 1501, 1506 (7th Cir.1991) (an award must be upheld where there is a "possible interpretive route" to the award); see also W.R. Grace & Co., 461 U.S. at 764 (ambiguous decisions not a basis for failing to enforce awards).

As we explained in our opening brief, the arbitrator, to whom the parties assigned the authority to determine arbitrability[2], made a finding of fact that the parties had submitted the merits to him for determination. The arbitrator found that "with the agreement of each of the parties, the Arbitrator proceeded to hear evidence on each of the issues" – that is, arbitrability and the merits – "and would address the EMPLOYER/NPMHU motion for dismissal during his award deliberations." Rec. 0002-0003. He also recited both the Postal Service's and NPMHU's position on the merits. Rec. 0004. The plain import of this finding is that the parties intended to submit both issues, that is, empower the arbitrator to rule on the merits if he found that the dispute was arbitrable. Because the record was complete on both issues, once he found that the dispute was arbitrable, there was no reason for the arbitrator to withhold an award on the merits.

The APWU correctly anticipated that the Postal Service would argue that the arbitrator

---

[2]  This procedure distinguishes those cases holding that arbitrability is for the court, not the arbitrator, to decide.

7

impermissibly relied on the letter scheduling the hearing (which contained an express reservation of the parties' right to contest arbitrability) in concluding that the dispute was arbitrable. PS Mem. at 11, 26. As noted, this claim is beyond the scope of paragraph 9 of the complaint. And as the APWU noted in its opening brief, there is no indication that the arbitrator relied **solely** on the scheduling letter. The arbitrator ruled in favor of arbitrability based on fact of agreement when he accepted the APWU's argument that the parties had actually agreed to submit the merits of the dispute to him to decide.

Finally, the Postal Service's argument that the award is deficient because it violated the parties' agreement simply cannot withstand analysis under the precedents which make it plain that even erroneous awards must be upheld. The Postal Service appears to be relying principally on Q&A No. 3, providing in part: "If the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration for resolution **prior** to the parties addressing the merits of the dispute" (emphasis added). PS Mem. at 12. But this is precisely what the arbitrator did: he first ruled on arbitrability (Rec. 0003-0004) and then reached the merits (Rec. 0004-0009). He had before him evidence and arguments on both arbitrability and the merits. The notion that the arbitrator should have issued a separate award on arbitrability, followed by an award on the merits, is a nonsensical procedure. Nothing in the parties' agreements required him to do so.

CONCLUSION

For the above reasons and those appearing in the record as a whole, the complaint should be dismissed and the Court should enter summary judgment in favor of the APWU.

> Respectfully submitted,
>
> /s/ Anton G. Hajjar
>
> Anton G. Hajjar (D.C. Bar No. 359267)
> O'DONNELL, SCHWARTZ & ANDERSON, P.C.
> 1300 L Street, NW, Suite 200
> Washington, D.C.  20005-4178
> Telephone (202) 898-1707
> Facsimile (202) 682-9276
> ahajjar@odsalaw.com

Dated: November 10, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
NATIONAL POSTAL MAIL HANDLERS  )
UNION, A DIVISION OF LABORERS' )
INTERNATIONAL UNION OF NORTH   )
AMERICA,                       )
                               )
              Plaintiff,       )
                               )
      v.                       )   Civil Action No. 1:06CV01986
                               )
                               )
AMERICAN POSTAL WORKERS UNION, )   Judge James Robertson
AFL-CIO                        )
                               )
      and                      )
                               )
UNITED STATES POSTAL SERVICE,  )
                               )
              Defendants       )
_____)
```

### RESPONSE OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO STATEMENT OF UNDISPUTED FACTS OF THE UNITED STATES POSTAL SERVICE

I.   INTRODUCTION.  In accordance with LCvR 7(h), the American Postal Workers Union, AFL-CIO ("APWU"), responds to the statement of undisputed facts of the United States Postal Service ("Postal Service").  Because the case is before the Court on a stipulated record, of necessity, all the **material** facts are contained in the record ("Rec.").  As set forth below, the APWU disagrees about which facts are actually material.  The only issue before the Court is whether Arbitrator Anderson exceeded his authority because, according to the complaint, the sole issue submitted to him for decision was whether the dispute was arbitrable, and that

the parties did not authorize him to issue an award on the merits of the dispute. According to the complaint (¶ 9):

> In his award, Arbitrator Anderson rendered a decision on the merits of a jurisdictional dispute asserted by the APWU over the assignment of certain scanning work at a Postal Service facility located in Oakland, California. Arbitrator Anderson did so based on his stated conclusion that the parties to the arbitration proceeding had agreed to submit the jurisdictional dispute in question to him for a decision on the merits. That sated conclusion was incorrect; **the NPMHU and the Postal Service never agreed to submit the jurisdictional dispute in question to Arbitrator Anderson for a decision on the merits.** To the contrary, the NPMHU and the Postal Service both argued to Arbitrator Anderson that the jurisdictional dispute in question was not among the kinds of jurisdictional disputes that are subject to arbitration under the parties' tripartite agreement, and the only issue that they agreed to submit to Arbitrator Anderson for decision was that threshold issue of arbitrability (a threshold issue that Arbitrator Anderson failed to reach given his erroneous conclusion that the NPMHU and the Postal Service has agreed to submit the merits issue to him for decision).

II. RESPONSE. The APWU responds to the statement of undisputed facts of the Postal Service by corresponding paragraph numbers as follows.

1. Undisputed.

2. Objection: the quoted paragraph of the MOU are not material to this action. See Introduction above. Without waiving this objection, undisputed that the quoted paragraph is contained in the MOU. Further answering, the APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203. Further answering, the statement in footnote 7 as to what constitutes a jurisdictional dispute is generally accurate.

2

3. Undisputed that the quoted portion of the "question and answer document," without the added italics, are in that document. Further answering, the APWU respectfully refers the Court to the entire document. Rec. 0212-0214.

4. The first sentence is undisputed. Undisputed that the quoted phrases are contained in the April 30, 2001, letter referenced in the paragraph. Further answering, the APWU respectfully refers the Court to the letter for its entire contents. Rec. 0092. The statement in footnote 8 as to what an "inventory" is, is only partially accurate. Because it does not contain a reference to the record, the statement is disputed.

5. Undisputed that the APWU filed two grievances (see Doc. 0038) alleging violations of Article 7 because the Postal Service improperly assigned to mailhandlers certain scanning functions at the Oakland International Mail Facility of the collective bargaining agreement between the APWU and the Postal Service, which grievance was filed in accordance with the grievance procedures under Article 15 of the APWU-Postal Service collective bargaining agreement, because those functions fell under the jurisdiction of the APWU clerk craft. The APWU respectfully refers the Court to the grievance for its contents. Rec.0062-0074. Undisputed that the Postal Service and the APWU agreed to refer the grievances to the tripartite Local Dispute Resolution Committee for resolution under the procedures of the MOU because the grievance raised a jurisdictional dispute. Further answering, the APWU respectfully refers the Court to the actual

3

grievance for its contents. Rec. 0049-0050, 0051-0052.

6. Undisputed that the quoted phrases, without the added italics, is contained in the referenced letters. Further answering, the APWU respectfully refers the Court to the actual grievances for their contents. Rec. 0049-0050, 0051-0052.

7. The first sentence is undisputed. Undisputed that the partial sentence quoted, without the added italics, is contained in the scheduling letter. Further answering, the APWU respectfully refers the Court to the actual letter for its contents. Rec. 0026.

8. Undisputed. Further answering, by agreement of the parties, the arbitrator heard evidence on both the arbitrability issue and the merits. Further answering, APWU respectfully refers the Court to the award for its contents. Rec. 0001-0009.

9. The statements in this paragraph are disputed because they characterize the Postal Service's arguments made to the arbitrator. Further answering, APWU respectfully refers the Court to the Postal Service's written arguments to the arbitrator for their contents. Rec. 0020-0025.

10. The statements in this paragraph are disputed because they characterize the APWU's, the Postal Service's and the NPMHU's arguments made to the arbitrator. Further answering, APWU respectfully refers the Court to the written arguments of the APWU, the Postal Service and the NPMHU to the arbitrator for their contents. Rec. 0013-0019 (APWU), 0020-0025 (Postal Service), 356-361 (NPMHU). In addition, in arbitration the

4

parties submitted position statements their position statements. Rec. 0028-0029 (APWU), 0030 (NPMHU), 0031-0035 (Postal Service). The NPMHU also submitted a position statement from another case. Rec. 0011-0012).

11. The statements in this paragraph are disputed because they characterize the APWU's arguments made to the arbitrator. Further answering, APWU respectfully refers the Court to the APWU's written arguments to the arbitrator for their contents. Rec. 0013-0019.

12. The APWU does not dispute only that the quoted portion of the arbitration award, without the added parenthetical insertions, are contained in the award. The APWU respectfully refers the Court to the award itself for its contents. Rec. 0001-0009.

13. The APWU does not dispute only that the quoted portion of the arbitration award, without the added parenthetical insertions and italics, are contained in the award. The APWU respectfully refers the Court to the award itself for its contents. Rec. 0001-0009.

Respectfully submitted,

/s/ Anton G. Hajjar

---

Anton G. Hajjar (D.C. Bar No. 359267)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, NW, Suite 200
Washington, D.C. 20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9276
ahajjar@odsalaw.com

Dated: December 10, 2007