UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>　　and<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:06CV01986<br><br>Judge James Robertson |

## MEMORANDUM OF AMERICAN POSTAL WORKERS UNION, AFL-CIO, IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF THE NATIONAL POSTAL MAIL HANDLERS UNION

The American Postal Workers Union, AFL-CIO ("the APWU"), asks the Court to deny the motion for summary judgment of the National Postal Mail Handlers Union, a Division of the Laborers' International Union, AFL-CIO ("the NPMHU"). The NPMHU asks this Court to vacate the award of arbitrator Donald A. Anderson ("Anderson") resolving work jurisdiction dispute over whether employees of the United States Postal Service ("the Postal Service") represented by the APWU or the NPMHU should perform certain work. The dispute was heard before arbitrator Donald A. Anderson, who issued an award on August 23, 2006. All parties agree that the three parties' mutual agreement governing work jurisdiction disputes - the memorandum dated April 16, 1992, entitled "Memorandum of Understanding" pertaining to

"Regional Instruction 399 - Dispute Resolution Procedures" ("the MOU") - specifies the procedures for resolving jurisdictional disputes among the parties, and defines arbitrator Anderson's authority. Rec. 0196-0203.[1] The MOU states that "all parties shall be bound by the arbitrator's award whether or not they participate in the arbitration proceedings. The arbitrator's award shall be final and binding." Rec. 0197.

The award states (Rec. 0009): "The Employer violated RI-399 when it chose to assign a Mail Handler to perform scanning work on foreign mail at the OISC [Oakland International Service Center] as it did in this case. Such scanning is the primary work of clerk General Expeditor(s) [*sic*]."

As set forth below, although of necessity the material facts are undisputed because the record has been stipulated, the APWU disagrees with the NPMHU about which facts are actually material. The only issue before the Court is whether Arbitrator Anderson exceeded his authority because, according to the complaint, the sole issue submitted to him for decision was whether the dispute was arbitrable, and that the parties did not authorize him to issue an award on the merits of the dispute. According to the complaint (¶ 9):

> In his award, Arbitrator Anderson rendered a decision on the merits of a jurisdictional dispute asserted by the APWU over the assignment of certain scanning work at a Postal Service facility located in Oakland, California. Arbitrator Anderson did so based on his stated conclusion that the parties to the arbitration proceeding had agreed to submit the jurisdictional dispute in question to him for a decision on the merits. That sated conclusion was incorrect; **the NPMHU and the Postal Service never agreed to submit the jurisdictional dispute in question to Arbitrator Anderson for a decision on the merits.** To the contrary, the NPMHU and the Postal Service both argued to Arbitrator Anderson that the jurisdictional dispute in question was not among the kinds of jurisdictional disputes that are subject to arbitration under the parties' tripartite

---

[1] The parties stipulated to the record in this case. Pages cited will be cited as "Rec. ___."

2

agreement, and the only issue that they agreed to submit to Arbitrator Anderson for decision was that threshold issue of arbitrability (a threshold issue that Arbitrator Anderson failed to reach given his erroneous conclusion that the NPMHU and the Postal Service has agreed to submit the merits issue to him for decision).[2]

ARGUMENT

The NPMHU pays scant attention to the extraordinary high standard to vacate arbitration awards and then proceeds to disregard what it concedes is "the general policy of judicial deference to the decision of arbitrators" (NPMHU Mem. at 10). The standard is set forth in the APWU's opening brief and will not be repeated here. Suffice it to say that the entire trend of the law, both in this Circuit and others (see, e.g., Michigan Family Resources, Inc. v. Service E'ees Int'l Union, Local 517M, 475 F.3d 746 (6th Cir. Jan. 26, 2007) (*en banc*)), erects a formidable barrier against efforts by parties who agreed to arbitrate to obtain court intervention to vacate awards. This case does not cross that barrier.

The NPMHU argues that neither it nor the Postal Service "mutually sought a determination as to whether [the scanning] work had been properly assigned regardless of the untimeliness or arbitrability of the dispute." NPMHU Mem. at 11. As we explained in our opening brief, the arbitrator, to whom the parties assigned the authority to determine arbitrability[3], made a finding of fact to the contrary. The arbitrator found that "with the agreement of each of the parties, the Arbitrator proceeded to hear evidence on each of the issues" -- that is, arbitrability and the merits -- "and would address the EMPLOYER/NPMHU motion for

---

[2]  The NPMHU apparently does not join the Postal Service's argument that the arbitrator's award must be vacated because "his award on the merits of the dispute is in derogation of the parties' agreement." PS Mem. at 1.

[3]  This procedure distinguishes those cases holding that arbitrability is for the court, not the arbitrator, to decide.

3

dismissal during his award deliberations." Rec. 0002-0003. He also recited both the Postal Service's and NPMHU's position on the merits. Rec. 0004. The NPMHU cannot contest the fact that its own advocate submitted evidence at the hearing and arguments in its brief on the merits of the dispute. Rec. 358-361 (entitled "On the Merits"). This is a clear indication that the NPMHU's contention in paragraph 9 of the complaint, that the parties never authorized the arbitrator to reach the merits, is erroneous. Rather, the parties intended to submit both issues to arbitration, that is, they empowered the arbitrator to rule on the merits **if** he found that the dispute was arbitrable. As posited by the NPMHU, the arbitrator was required to issue an award on arbitrability, then issue a separate award on the merits. But the record was complete on **both** issues. There can be no justification for the a senseless procedure suggested by the NPMHU.

The arbitrator ruled that by submitting the jurisdictional dispute to him for determination, parties intended him to decide it. This is an important point – under the 1992 MOU on jurisdictional disputes, **only** an RI-399 arbitrator like him could resolve a jurisdictional dispute. It must be recalled that the dispute started out as two APWU grievances under the APWU-Postal Service collective bargaining agreement alleging that the Postal Service violated Article 7 by making a cross-craft assignment of APWU clerk craft work to mailhandlers. Rec. 0065-0074. It is noteworthy that local management **agreed** with the APWU that the scanning work in question was that of the General Expediter. On April 30, 2001, the plant manager clarified the inventory of assignments, stating: "Scanning is the principle [*sic*] responsibility of the General Expeditor [*sic*]." Rec. 0071. Only in the RI-399 process did the Postal Service change its position on the merits. The APWU and the Postal Service also agreed to hold the Article 7 crossing-craft dispute in abeyance pending the outcome of the RI-399 proceedings (stating that because "the

4

grievance might involve a jurisdictional issue ... the grievance would be held in abeyance at Step 3 "until the jurisdictional issue is resolved ...."). Rec. 0039. By mutual agreement, the two parties referred the dispute to the RI-399 forum. Rec. 0051-0052, 0053-0054. In the meanwhile, as the APWU's advocate pointed out in his brief to the arbitrator (Rec. 0014-0015), the APWU's grievances alleging violations of the crossing craft prohibitions in its collective bargaining agreement with the Postal Service remained alive for a remedy if in the RI-399 process it was determined that scanning was clerk work, and if there was no decision on the merits there could be no remedy for the APWU, even if it was correct in its contention that scanning was clerk craft work. All this was ample evidence supporting Arbitrator Anderson's conclusion that the parties intended to obtain a decision on the jurisdictional issue.[4]    Q&A No. 3 states (Rec. 0212 (emphasis added)):

> 3. If a grievance exists or is filed alleging a violation of the contract other than RI-399 (e.g., Article 7.2) and **one of the parties** believes the issue in the grievance constitutes a jurisdictional dispute, what if anything should be done with the grievance?
>
>> Answer: **It must be referred to the Dispute Resolution Committee for an initial determination as to whether or not it involves a jurisdictional claim.** If it is determined it involves a jurisdictional claim, the grievance will be processed in the Dispute Resolution Procedures. If the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration for resolution prior to the parties

---

[4] We recognize that the NPMHU was not directly involved in the APWU-Postal Service's grievance procedure, but, as noted elsewhere, the NPMHU advocate himself addressed the merits of the dispute in his brief to the arbitrator, justifying the arbitrator's conclusion that the parties intended to obtain a decision on the merits. In addition, the NPMHU's representative on the Regional Dispute Resolution Committee addressed **only the merits** ("" ... the scanning performed at the Dispatch Unit at the Oakland ISF is a proper assignment to the Mail Handler Craft"). Rec. 0030.

5

> addressing the merits of the dispute. The three parties shall review cases at the lowest possible level with raise the potential of containing a jurisdictional dispute so that the proper procedure is utilized to resolve disputes/grievances.

**Were the arbitrator disabled from resolving the dispute because it was allegedly untimely filed in that forum or for any other reason, a cross-craft grievance – whether filed by the APWU or the NPMHU, could never be resolved.** Thus, for example, were local management in Oakland to decide some time in the future to assign the scanning work to clerks instead of mailhandlers, the NPMHU could not challenge it because the Postal Service could unilaterally remove the dispute to the RI-399 process and argue that there was no dispute on file in April 1992.[5] In other words, management would be free to assign to **either** union work claimed by **both** unions. But the 1992 MOU was intended to resolve disputes, not provide the Postal Service with a loophole to keep them from ever being decided. It is not conceivable that the NPMHU, any more than the APWU, intended this result when it negotiated the 1992 MOU. The arbitrator ruled that, in the circumstances of this case, when the parties agreed to deal with the dispute in the RI-399 procedure while holding APWU crossing craft grievances in abeyance, he was empowered to make a ruling on the merits despite the NPMHU and Postal Service claim that it was untimely.

The "scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator." W.R. Grace & Co. v. Local Union 759, Int'l Union

---

[5] It is possible that the NPMHU is being short-sighted in this case because it did not anticipate that the Postal Service would ever take the scanning work away from mailhandlers. But the record discloses that this is precisely what the Postal Service did here. Local management sought to revise the inventory to recognize scanning as the work of APWU-represented expediters, but the NPMHU objected, and the work was ultimately assigned to the mailhandler craft.

6

of United Rubber, Cork, Linoleum & Plastic Workers of Am., 461 U.S. 757, 765 (1983); see Madison Hotel v. Hotel and Restaurant Employees, Local 23, AFL-CIO, 144 F.3d 855, 857 (D.C. Cir. 1998) (*en banc*).[6] Similarly, an "arbitrator's view of the issues submitted to him for arbitration [also]...receives the same judicial deference as an arbitrator's interpretation of a collective bargaining agreement. Id. "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law – the practices of the industry and the shop – is equally a part of the collective bargaining agreement although not expressed in it." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581 (1960). It was well within the arbitrator's right to arrive at this sensible interpretation of the 1992 MOU.

Under settled precedents, the deciding factor for the Court in any event is not what the arbitrator said to justify his decision but rather whether there is any "possible interpretive route" to uphold his award. See Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc., 935 F.2d 1501, 1506 (7th Cir.1991) (an award must be upheld where there is a "possible interpretive route" to the award); see also W.R. Grace & Co., 461 U.S. at 764 (ambiguous decisions not a basis for failing to enforce awards).

Moreover, the arbitrator found that the dispute was timely because it was a continuing

---

[6] The NPMHU's efforts to distinguish Madison Hotel (NPMHU Mem. at 14) – which was an excellent piece of advocacy by the firm representing the NPMHU in this case – is unavailing. The NPMHU argues that the decision was limited to arbitrations in which the parties did not stipulate issue submitted for decision. The decision stands for the broader proposition that the arbitrator's interpretation of the scope of the issues submitted to him are entitled to the same deference as his interpretation of the contract. The record in this case contains no express issue statement. Although the NPMHU and Postal Service argued that the dispute was untimely under the 1992 MOU, the record does not support the argument that the arbitrator was limited to determining arbitrability. As noted, the parties put on evidence on both timeliness and the merits, and the NPMHU briefed both issues.

7

violation. This was one of those procedural arbitrability issues which include "'allegation[s] of waiver, delay, or a like defense to arbitrability'" which are within an arbitrator's authority to decide. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 460 U.S. 1, 25 (1983). Although the timeliness point is stressed by the NPMHU (e.g., NPMHU Mem. at 6-7, 12), the question whether the dispute was in fact timely is beyond the scope of the complaint.

The APWU correctly anticipated that the NPMHU would argue that the arbitrator impermissibly relied on the letter scheduling the hearing (which contained an express reservation of the parties' right to contest arbitrability) in concluding that the dispute was arbitrable. NPMHU Mem. at 5-6. As noted, this claim is beyond the scope of paragraph 9 of the complaint. And as the APWU noted in its opening brief, there is no indication that the arbitrator relied **solely** on the scheduling letter. The arbitrator ruled in favor of arbitrability when he accepted the APWU's argument that the parties had agreed to submit the merits of the dispute for decision.

## CONCLUSION

For the above reasons and those appearing in the record as a whole, the complaint should be dismissed and the Court should enter summary judgment in favor of the APWU.

Respectfully submitted,

/s/ Anton G. Hajjar

Anton G. Hajjar (D.C. Bar No. 359267)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, NW, Suite 200
Washington, D.C. 20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9276
ahajjar@odsalaw.com

Dated: November 10, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                   )
NATIONAL POSTAL MAIL HANDLERS      )
UNION, A DIVISION OF LABORERS'     )
INTERNATIONAL UNION OF NORTH       )
AMERICA,                           )
                                   )
                  Plaintiff,       )
                                   )
         v.                        )   Civil Action No. 1:06CV01986
                                   )
                                   )
AMERICAN POSTAL WORKERS UNION,     )   Judge James Robertson
AFL-CIO                            )
                                   )
         and                       )
                                   )
UNITED STATES POSTAL SERVICE,      )
                                   )
                  Defendants       )
_____)
```

**RESPONSE OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO
TO THE STATEMENT OF UNDISPUTED FACTS OF THE
NATIONAL POSTAL MAIL HANDLERS UNION**

I.   INTRODUCTION.  In accordance with LCvR 7(h), the American Postal Workers Union, AFL-CIO ("APWU"), responds to the statement of undisputed facts of the National Postal Mail Handlers Union ("NPMHU").  Because the case is before the Court on a stipulated record, of necessity, all the **material** facts are contained in the record ("Rec.").  As set forth below, the APWU disagrees about which facts are actually material.  The only issue before the Court is whether Arbitrator Anderson exceeded his authority because, according to the complaint, the sole issue submitted to him for decision was whether the dispute was arbitrable, and that

the parties did not authorize him to issue an award on the merits of the dispute. According to the complaint (¶ 9):

> In his award, Arbitrator Anderson rendered a decision on the merits of a jurisdictional dispute asserted by the APWU over the assignment of certain scanning work at a Postal Service facility located in Oakland, California. Arbitrator Anderson did so based on his stated conclusion that the parties to the arbitration proceeding had agreed to submit the jurisdictional dispute in question to him for a decision on the merits. That sated conclusion was incorrect; **the NPMHU and the Postal Service never agreed to submit the jurisdictional dispute in question to Arbitrator Anderson for a decision on the merits.** To the contrary, the NPMHU and the Postal Service both argued to Arbitrator Anderson that the jurisdictional dispute in question was not among the kinds of jurisdictional disputes that are subject to arbitration under the parties' tripartite agreement, and the only issue that they agreed to submit to Arbitrator Anderson for decision was that threshold issue of arbitrability (a threshold issue that Arbitrator Anderson failed to reach given his erroneous conclusion that the NPMHU and the Postal Service has agreed to submit the merits issue to him for decision).

II. RESPONSE. The APWU addresses the statement of undisputed facts of the NPMHU by corresponding paragraph numbers as follows.

    1. Undisputed.

    2. Undisputed.

    3. Undisputed.

    4. Undisputed.

    5. Disputed as stated. Undisputed that there are frequent disputes between the NPMHU and the APWU over work jurisdiction. The APWU respectfully refers the Court to the award of Arbitrator Gamser in Case No. AD-NAT 1311 for further background. Rec. 0167-0185.

    6. Undisputed.

7. Undisputed.

8. Objection: this statement is not material to the action. See objection in the Introduction above. Accordingly, facts going to the timeliness of the APWU's dispute are not material. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. The APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203.

9. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203.

10. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203.

11. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203.

12. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. APWU respectfully refers the Court to

3

the entire MOU. Rec. 0196-0203.

13. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203.

14. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the MOU. APWU respectfully refers the Court to the entire MOU. Rec. 0196-0203.

15. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute the facts recited in this paragraph. Further answering, the APWU respectfully refers the Court to the actual document for its entire contents. Rec. 0074.

16. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the quoted paragraph is in the document. Further answering, the APWU respectfully refers the Court to the actual document for its entire contents. Rec. 0049-0050.

17. Objection: this statement is not material to the action. See objection in the Introduction above. Disputed because the statement characterizes the letter in question.

4

Further answering, without waiving the objection above, the APWU respectfully refers the Court to the actual document for its entire contents. Rec. 0043.

18. Objection: this statement is not material to the action. See objection in the Introduction above. Disputed because the statement characterizes the letter in question. Further answering, without waiving the objection above, the APWU respectfully refers the Court to the actual document for its entire contents. Rec. 0054.

19. Objection: this statement is not material to the action. See objection in the Introduction above. Disputed because the statement characterizes the documents in question. The APWU does not dispute that the quoted paragraph is contained in the memorandum. Further answering, without waiving the objection above, the APWU respectfully refers the Court to the actual documents for their contents. Rec. 0055-0057.

20. Objection: this statement is not material to the action. See objection in the Introduction above. Without waiving this objection, the APWU does not dispute that the document contains some of the sentence fragment quoted. Further answering, the APWU respectfully refers the Court to the actual document for its entire contents. Rec. 0047-0048.

21. Objection: this statement is not material to the action. See objection in the Introduction above. Further answering, without waiving the objection above, the APWU does not dispute the facts in this paragraph.

5

22. Objection: this statement is not material to the action. See objection in the Introduction above. Further answering, without waiving the objection above, the APWU does not dispute the facts in this paragraph.

23. Objection: this statement is not material to the action. See objection in the Introduction above. Denied because the statement characterizes the document in question. Further answering, without waiving the objection above, the APWU respectfully refers the Court to the actual documents for their contents. Rec. 0031-0035.

24. Objection: this statement is not material to the action. See objection in the Introduction above. Further answering, without waiving the objection above, the APWU does not dispute the facts in this paragraph.

25. Objection: this statement is not material to the action. See objection in the Introduction above. Further answering, without waiving the objection above, the APWU does not dispute the facts in this paragraph.

26. Undisputed.

27. Undisputed.

28. Disputed because the statement characterizes the referenced letter. The APWU does not dispute that some of the quoted paragraph was contained in the referenced letter. The APWU respectfully refers the Court to the actual document for its contents. Rec. 0026.

29. Undisputed.

30. Undisputed.

31. The APWU does not dispute that the quoted portions of the Postal Service's brief were in the document. The APWU respectfully refers the Court to the actual document for its contents. Rec. 0020-0025.

32. The APWU does not dispute that the NPMHU filed a closing brief on or about July 31, 2006. The APWU respectfully refers the Court to the actual document for its contents. Rec. 0356-0361.

33. The APWU does not dispute that the NPMHU submitted a brief in another regional arbitration. The APWU respectfully refers the Court to the actual document for its contents. Rec. 0011-0012.

34. The APWU does not dispute that the APWU filed its closing brief on or about July 27, 2006. The APWU respectfully refers the Court to the brief for its contents. Doc. 0028-0029.

35. Undisputed.

36. Undisputed only that the quoted portions of Arbitrator Anderson's award are contained in the award. The APWU disputes the remainder of the paragraph because it characterizes the award. The APWU respectfully refers the Court to the document for its contents. Rec. 0001-0009.

37. Undisputed.

7

>Respectfully submitted,
>
>/s/ Anton G. Hajjar
>
>_____
>Anton G. Hajjar (D.C. Bar No. 359267)
>O'DONNELL, SCHWARTZ & ANDERSON, P.C.
>1300 L Street, NW, Suite 200
>Washington, D.C.  20005-4178
>Telephone (202) 898-1707
>Facsimile (202) 682-9276
>ahajjar@odsalaw.com

Dated: December 10, 2007

8