UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
NATIONAL POSTAL MAIL HANDLERS           )
  UNION, A DIVISION OF THE LABORERS'    )
  INTERNATIONAL UNION OF NORTH          )
  AMERICA, AFL-CIO,                     )
                                        )
Plaintiff & Counter-Claim Defendant,    )
                                        )
         v.                             )        Civil Action No. 1:06CV1986 (JR)
                                        )
AMERICAN POSTAL WORKERS UNION,          )
  AFL-CIO,                              )
                                        )
Defendant & Counter-Claimant,           )
                                        )
         and                            )
                                        )
UNITED STATES POSTAL SERVICE,           )
                                        )
Defendant & Cross-Claim                 )
Defendant.                              )
_____)

## UNITED STATES POSTAL SERVICE'S MEMORANDUM
## IN OPPOSITION TO APWU'S MOTION FOR SUMMARY JUDGMENT

Defendant United States Postal Service ("Postal Service") submits this memorandum in

opposition to the American Postal Workers Union's ("APWU") cross-motion for summary

judgment affirming the arbitration award at issue.  Further, the Postal Service respectfully adopts

and incorporates the arguments set forth by the National Postal Mail Handlers Union

("NPMHU") in its parallel motion for summary judgment and joins in the NPMHU's request that

the award at issue be vacated.

As is clear from the parties' memoranda in support of respective positions, there is no

genuine dispute as to any material fact in this case.  The parties to this action – the Postal Service

and two unions – submitted a dispute to arbitration relating to the issue as to which union was

entitled to claim "jurisdiction" over certain scanning work, and that submission was made pursuant to the procedures set forth in the 1992 tripartite Memorandum of Understanding entitled "Regional Instruction 399 - Dispute Resolution Procedures ("RI-399 Procedures")." Two uncontested facts concerning that submission are dispositive here. First, the letter signed by all three parties scheduling this grievance for hearing before the arbitrator stated that it "does not constitute a waiver by either party of any issues of arbitrability or timeliness . . ." (J.Ex.1 at 22). Second, the RI-399 procedures include a provision that states: " [i]f the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration *for resolution prior to the parties addressing the merits of the dispute*." (J.Ex.1 at 213) (emphasis added).

As the APWU states in its brief, "it is undisputed that the parties submitted the issue of arbitrability to the arbitrator [Anderson]" and that the submission consisted of both evidence and vigorous argument. (APWU brief at 16-17). Indeed, the APWU argued to the arbitrator that "the absence of scanning on the facility inventory confirmed the fact that a jurisdictional dispute existed"[1] was a principle reason the work at issue did not fall within the ambit of RI-399. That is, *the APWU urged the arbitrator to actually decide whether the dispute before him was within the limited ambit of grievances allowed under RI-399. So did the NPMHU and the Postal Service*. Arbitrator Anderson, however, fundamentally missed the point in concluding that the parties had nevertheless waived arbitrability.

---

[1] The "facility inventory" is a listing of which union – APWU or NPMHU – has 'jurisdiction" over specific work tasks at a given facility.

The APWU attempts to characterize Arbitrator Anderson as "mak[ing] a factual finding that the parties agreed to submit the merits of the dispute" to him [APWU brief at 16], apparently regardless of whether the dispute was arbitrable.  But no such "factual finding" can be found in the award, nor could any such "factual finding" be sustained in this case because there is no factual evidence that could even remotely support such a finding – that the parties agreed to waive arbitrability.  To the contrary, the undisputed factual evidence – the parties' signed writing – establishes that the parties sought a determination of whether the dispute was within the scope of RI-399 and thus arbitrable.  But the arbitrator somehow found that the very act of submitting the case to him as an RI-399 arbitrator constituted a waiver of arbitrability. In so doing, he inexplicably ignored the parties' explicit reservation of arbitrability and their acts of vigorously arguing the scope of RI-399 before him.

Notwithstanding the APWU's argument to the contrary, there is simply no "permissible route" that would lead to a valid affirmance of the Anderson Award.  This is not a case where the award provides no explanation, or even an ambiguous one.  While it may be appropriate to infer a valid rationale where an arbitration award either provides none or states an ambiguous one, it is not appropriate to do so where, as here, the arbitrator did explain his rationale and that rationale blatantly ignores the facts and the parties' agreement.   Because the rationale given by Arbitrator Anderson – that by submitting the dispute to RI-399 arbitration, the parties have effectively conceded that the dispute is within RI-399 and therefore arbitrable – has no factual support but is instead contradicted by the parties' agreement, the court cannot properly "infer" a "permissible route" to this award.   For this reason alone, the award must be vacated.

But Arbitrator Anderson further compounded his error by going on to decide the underlying merits:  which union's members can rightfully claim "jurisdiction" over the scanning

work at issue.   As noted in the Postal Service's opening brief, the RI-399 procedures signed and adopted by all parties include a "question and answer document" interpreting the MOU which states, in relevant part: "If the [Dispute Resolution] Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration *for resolution prior to the parties addressing the merits of the dispute.*"  (J.Ex. 1 at 213) (emphasis added).  This language was quoted to Arbitrator Anderson in the APWU's closing brief following the hearing.  (J.Ex. 1 at 15).  In this case, the Dispute Resolution Committee *was* "in disagreement as to whether or not the grievance involve[d] a jurisdictional claim" arbitrable under RI-399 and "that question" *was* appealed to arbitration.  Arbitrator Anderson's proper function at that point was simply to resolve "that question," i.e., whether the dispute involves a jurisdictional claim and was therefore arbitrable.   As demonstrated above, he failed to actually determine "that question" but instead erroneously found that the parties had waived arbitrability, and then went on to determine the merits of the dispute and award the work in question to the APWU collective bargaining unit, something he was not empowered to do.

The court's limited role in reviewing an arbitration award was eloquently summarized by the Seventh Circuit in *Chicago Typographical Union No.  16 v.  Chicago Sun-Times, Inc.*, 935 F.2d 1501 (7th Cir.  1991):

> To be entitled to set aside the arbitrator's action, the court must find a violation of the agreement to arbitrate.  Which means that the role of the court is severely limited – but not negligible.  Since the arbitrator's function ordinarily and in this case, is limited to interpreting the contract, the court asked either to set aside or enforce his award must make sure that he abided by the limits on his authority, for otherwise the award was made in violation of the agreement to arbitrate.  This is the meaning of the slogan from *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S.

593, 597 (1960), that the award must "draw its essence" from the
contract that the arbitrator was asked to interpret.

*Id.*, 935 F.2d at 1505 (*additional citations omitted*).  In the present case, it is clear that this award

"was made in violation of the agreement to arbitrate."  Arbitrator Anderson patently ignores the

parties' agreement both (1) in *failing to actually decide* whether the dispute was properly a

jurisdictional dispute under RI-399 but instead finding that the parties had waived that issue

despite an unequivocal agreement to the contrary, and (2) in ruling on the merits when he was

not authorized to do so.  Although, as  APWU points out, an award may be upheld "so long as

the record discloses a permissible route to the stated conclusion" *Sargent v.  Paine Webber*

*Jackson & Curtis, Inc.*, 882 F.2d 529, 532.  (D.C. Cir.  1989), here there is simply no

"permissible route" to the arbitrator's conclusion that the parties had waived their right to

challenge arbitrability by the very act of referring the case to arbitration with an expressed

reservation of that right.

　　　　Thus, in both failing to decide the issue he was contracted to decide (arbitrability) and in

deciding an issue that he was not empowered to determine, this award is clearly "in violation of

the parties' agreement to arbitrate" and fails to "draw its essence" from that agreement.

CONCLUSION

　　　　For the reasons stated above, and for those set forth in our opening brief, summary

judgment vacating the award and remanding the matter back to the parties should be entered.

5

Respectfully submitted,

_____
JEFFREY A. TAYLOR, Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


_____
CLAIRE WHITAKER, Bar # 354530
Assistant United States Attorney
555 Fourth Street, NW, Room E-4204
Washington, DC 20530
202-514-7137

Of Counsel:

DENNIS E. SZYBALA
United States Postal Service

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————
                                                    )
**NATIONAL POSTAL MAIL HANDLERS**                   )
  **UNION, A DIVISION OF THE LABORERS'**   )
  **INTERNATIONAL UNION OF NORTH**          )
  **AMERICA, AFL-CIO,**                      )
                                                    )
    **Plaintiff & Counter-Claim**   )
     **Defendant,**             )
    **v.**                          )     **Civil Action No. 1:06CV1986 (JR)**
                                                    )
**AMERICAN POSTAL WORKERS UNION,**                  )
  **AFL-CIO,**                               )
                                                    )
    **Defendant & Counter-Claimant,** )
                                                    )
  **and**                                    )
                                                    )
**UNITED STATES POSTAL SERVICE,**                   )
                                                    )
    **Defendant & Cross-Claim**      )
     **Defendant.**             )
—————————————————————)

### ORDER

Upon consideration of the parties' cross motions for summary judgment the responses and replies, it is this _____ day of _____, 2007,

ORDERED, that the motion for summary judgment filed by the American Postal Workers Union be, and hereby is, denied, and it is

FURTHER ORDERED, that the motions for summary judgment filed by the U.S. Postal Service and the National Postal Mail Handlers Union  be granted.  The arbitration award at issue in this case is vacated.

_____
UNITED STATES DISTRICT JUDGE