UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,

Plaintiff,

v.

AMERICAN POSTAL WORKERS UNION, AFL-CIO

and

UNITED STATES POSTAL SERVICE,

Defendants

Civil Action No. 1:06CV01986

Judge James Robertson

**REPLY OF AMERICAN POSTAL WORKERS UNION, AFL-CIO, TO THE NATIONAL POSTAL MAIL HANDLERS UNION'S OPPOSITION TO THE APWU'S MOTION FOR SUMMARY JUDGMENT**

The American Postal Workers Union, AFL-CIO ("the APWU"), briefly replies to the opposition of the National Postal Mail Handlers Union, a Division of the Laborers' International Union, AFL-CIO ("the NPMHU") to the APWU's motion for summary judgment. The APWU respectfully refers the Court to its memorandum in support of its motion for summary judgment and its oppositions to the summary judgment motions of the NPMHU and the Postal Service.

The NPMHU's memorandum is long on rhetoric and short on dealing with the APWU's main point – that the Arbitrator made a factual finding that the parties had agreed to submit both the question of arbitrability and the merits to him for resolution. The NPMHU's latest argument is somewhat slippery. In its complaint, it alleged only that "the only issue that [the NPMHU and

Postal Service] agreed to submit to Arbitrator Anderson for decision was that threshold issue of arbitrability" (Complaint ¶ 9). The arbitrator **did** decide that issue, and only then went on to decide the merits, after consideration of the arguments and evidence which the parties submitted on the merits. Now, the NPMHU seems to be adding an argument that the arbitrator's ruling on arbitrability was mistaken. See, e.g., Op. at 10–13 (attacking the arbitrator's reliance on the "continuing violation" principle).[1] But as we have already explained, when the parties to an arbitration submit the issue of arbitrability to the arbitrator rather than reserve it for the court, as these parties did in this case, the same rules of deference apply to that finding. As Judge Rubin, writing for the Court of Appeals for the Fifth Circuit said in an opinion relied on by the NPMHU (Op. At 4): ""If a party refuses to arbitrate a question, the crucial issue is whether the collective bargaining agreement requires it to do so. ... In that event arbitrability is ordinarily a question of contract interpretation for the courts ... Even this issue may be submitted to the biding arbitration, however, if there has been a clear demonstration that the parties contemplated it." Piggly Wiggly Operator's Warehouse, Inc. v. Piggly Wiggly Operator's Warehouse Independent Truck Drivers Union, Local 1, 611 F.2d 580, 583-84 (5th Cir. 1980) (citations omitted). There is no dispute that

---

1 As we have mentioned, this is an issue of procedural arbitrability, which include "'allegation[s] of waiver, delay, or a like defense to arbitrability'" which are within an arbitrator's authority to decide. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 460 U.S. 1, 25 (1983). The NPMHU's argument (Op. at 10-11) that Arbitrator Anderson did not mean what he said when he cited the "continuing violation" principle to support his ruling that the dispute was timely is no basis for failing to credit his rationale – especially when no rationale at all was required of him. Arbitrator Anderson ruled that his award was "principally" grounded in the mutual agreement to arbitrate (Rec. 0009) – "principally" does not mean "only." Nor is the award deficient because the arbitrator relied on the "continuing violation" principle (Op. at 11), which, as the arbitrator noted (Rec. 0004), is a commonly employed principle in labor arbitration. An arbitrator may "look for guidance from many sources" in construing labor agreements. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960).

the parties contemplated that the arbitrator would determine arbitrability in this case in which the issue was submitted to him, and in general under the 1992 MOU. See, e.g., Q&A No. 3 (Rec. 0212).[2] The Piggly Wiggly court rejected the attack on the award, and so should this Court.

The issue before the Court is limited to the one memorialized in the NPMHU complaint – whether, if the arbitrator determined that the dispute was arbitrable, the parties had also empowered him to decide the merits. As was the case in Piggly Wiggly, 611 F.2d at 584, there was no stipulated issue in the case before Arbitrator Anderson.[3] Compare Bowater Carolina Co. v. Rock Hill Local Union No. 1924, 871 F.2d 23, 24 (4th Cir. 1989) (where the parties "jointly framed the arbitration issue ....") (cited in Op. at 5). Arbitrator Anderson's authority "rested on the grievance" (Piggly Wiggly, 611 at 584), thereby empowering him to decide which parts of the

---

[2] 3. If a grievance exists or is filed alleging a violation of the contract other than RI-399 (e.g., Article 7.2) and one of the parties believes the issue in the grievance constitutes a jurisdictional dispute, what if anything should be done with the grievance?

Answer: It must be referred to the Dispute Resolution Committee for an initial determination as to whether or not it involves a jurisdictional claim. If it is determined it involves a jurisdictional claim, the grievance will be processed in the Dispute Resolution Procedures. If the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration for resolution prior to the parties addressing the merits of the dispute. The three parties shall review cases at the lowest possible level with raise the potential of containing a jurisdictional dispute so that the proper procedure is utilized to resolve disputes/grievances.

[3] Contrary to the NPMHU's assertion (Op. at 9), there was no "agreed upon submission" of only the arbitrability issue, to the exclusion of a decision on the merits were the arbitrator to find that the dispute was arbitrable.

collectively bargained agreements applied to the dispute before him and to issue an award based on his interpretation of them. Although Piggly Wiggly is not a precedent in this Circuit, the decision does not support the NPMHU but rather the APWU.

Stung by the undisputed fact that "both the NPMHU and the Postal Service made arguments and submitted evidence on the merits of the jurisdictional disputed tendered by the APWU in their respective presentations to Arbitrator Anderson (Opp. at 7 n. 6), like a good boxer, the NPMHU defensibly retreated to the corner ropes – that is, a footnote.[4] It seeks to disguise the force of the blow with the claim that these were "nothing more than alternative arguments offered as a hedge against the Arbitrator's rejection of their principal contention that the case should be dismissed on procedural grounds ...." Id. This argument ignores the rules that the existence of any "interpretive route" to the result suffices to uphold an award and that ambiguities are resolved in favor of upholding an award rather than vacating it.[5] In other words,

---

4 Surely the Court must disregard the testimonial of NPMHU's counsel that "the NPMHU would not have brought this lawsuit to vacate Arbitrator Anderson's award had the NPMHU genuinely ben party to a 'mutual agreement' to submit the jurisdictional dispute over the proper assignment of the scanning work at the Postal Service facility in Oakland, California to Arbitrator Anderson for a decision on the merits – notwithstanding the NPMHU's that Arbitrator Anderson's conclusion that the scanning work at the Oakland facility is properly performed exclusively by APWU-represented postal employees is not only mistaken, but badly mistaken." Op. at 5-6. The case must be decided not on counsel's sincerity, which is presumed by Rule 11 of the Federal Rules of Civil Procedure, but rather on the record, including the evidence and brief submitted by its own advocate in the arbitration addressing the merits.

5 As we have pointed out, the "scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator." W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am., 461 U.S. 757, 765 (1983); see Madison Hotel v. Hotel and Restaurant Employees, Local 23, AFL-CIO, 144 F.3d 855, 857 (D.C. Cir. 1998) (*en banc*). Similarly, an "arbitrator's view of the issues submitted to him for arbitration [also]...receives the same judicial deference as an arbitrator's interpretation of a collective bargaining agreement. Id. "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law – the

the award gets the benefit of presumptions, not the other way around. Even if the NPMHU and Postal Service were only "hedging" in their evidence and briefs – which is far from "plain" and which we by no means concede – the hedge itself undermines the argument that the **only** issue submitted to the arbitrator was arbitrability. As we have already observed, the evidence and arguments on the merits were already in the record, so there was no sensible reason why, having found that the dispute was arbitrable, the arbitrator could not rule on the merits in the same award.

Contrary to the NPMHU's arguments (Opp. at 8-9), the case involving Arbitrator Schmertz which was heard by Magistrate Judge Kay has an important bearing on this case. Arbitrator Schmertz found the dispute before him not arbitrable but remanded the crossing-craft grievance to the bilateral NPMHU-Postal Service grievance procedure. As we explained, a crossing-craft grievance is proper only when there is no dispute over which craft has jurisdiction over the work in question. A regular panel arbitrator cannot determine jurisdiction – only an RI-399 arbitrator appointed under the 1992 MOU can do that. Similarly, the dispute before Arbitrator Anderson began as a crossing-craft grievance, but jurisdiction over the scanning work was contested, and the parties voluntarily sent the dispute to the RI-399 process. In the circumstances, Arbitrator Anderson sensibly concluded that the parties did so **because they wanted to get a jurisdictional determination**, not for the futile exercise of having the dispute

---

practices of the industry and the shop – is equally a part of the collective bargaining agreement although not expressed in it." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581 (1960).

dismissed.[6] His conclusion rested on his interpretation of the parties agreements and "drew [their] essence" from these agreements.[7]

For the above reasons and those appearing in the APWU's memoranda and the record as a whole, the complaint should be dismissed and the award be upheld.

Respectfully submitted,

/s/ Anton G. Hajjar

Anton G. Hajjar (D.C. Bar No. 359267)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, NW, Suite 200
Washington, D.C. 20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9276
ahajjar@odsalaw.com

Dated: December 21, 2007

---

[6] Although the Postal Service recites in its memorandum in opposition that it adopts and incorporates the NPMHU's opposition (PS Opp. at 1), we invite the Court to examine closely whether the Postal Service agrees with the NPMHU that the "freezing" of work assignments in April 1992 (NPMHU Op. at 12) means that **mailhandlers** have jurisdiction over the scanning work. We believe that the Postal Service actually believes that the absence of a dispute or inventory in 1992 means that **no craft** has jurisdiction over scanning at this facility in Oakland and that it is therefore free in the future to take the work away from mailhandlers and give it to APWU-represented clerks, with no possibility of a challenge by the NPMHU should it do so.

[7] Enterprise Wheel & Car Corp., 363 U.S. at 597. As we have pointed out, the "scope of the arbitrator's authority is itself a question of contract interpretation that the parties have delegated to the arbitrator." W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am., 461 U.S. 757, 765 (1983); see Madison Hotel v. Hotel and Restaurant Employees, Local 23, AFL-CIO, 144 F.3d 855, 857 (D.C. Cir. 1998) (*en banc*). Similarly, an "arbitrator's view of the issues submitted to him for arbitration [also]...receives the same judicial deference as an arbitrator's interpretation of a collective bargaining agreement. Id. "The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law – the practices of the industry and the shop – is equally a part of the collective bargaining agreement although not expressed in it." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581 (1960).