UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN POSTAL WORKERS UNION, AFL-CIO<br><br>    and<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendants | Civil Action No. 1:06CV01986<br><br>Judge James Robertson |

### REPLY OF AMERICAN POSTAL WORKERS UNION, AFL-CIO, TO THE UNITED STATES POSTAL SERVICE'S OPPOSITION TO THE APWU'S MOTION FOR SUMMARY JUDGMENT

The American Postal Workers Union, AFL-CIO ("the APWU"), briefly replies to the opposition of the United States Postal Service to the APWU's motion for summary judgment. The APWU respectfully refers the Court to its memorandum in support of its motion for summary judgment and its oppositions to the summary judgment motions of the NPMHU and the Postal Service.[1]

The Postal Service argues in each page of its memorandum that Arbitrator Anderson found that it had "waived" its objections to arbitrability. The argument misses the point. The

---

[1] The Postal Service says it "adopts and incorporates" the arguments of the NPMHU. Likewise, the APWU incorporates its reply to the NPMHU's arguments in opposition to the APWU's motion for summary judgment.

arbitrator did not so rule. Rather, the arbitrator found that the parties had **agreed** to submit the dispute for a ruling on the merits. He also interpreted the MOU and memoranda under it, and the parties' decision to refer the grievance to the RI-399 process, as permitting him – indeed, obliging him – to resolve the dispute about jurisdiction over the work. The Postal Service contends that "Arbitrator Anderson's proper function at that point," that is, when faced with the claim that the dispute was not arbitrable, "was simply to resolve 'that question,' i.e., whether the dispute involved a jurisdictional claim and was therefore arbitrable." PS Op. at 4. Contrary to the Postal Service's argument to the contrary, Arbitrator Anderson **did** answer the question in the affirmative, and having done so, he removed any obstacle to his proceeding to decide the merits of the dispute.

In all other respects, the APWU relies on its memoranda on file.

For the above reasons and those appearing in the APWU's memoranda and the record as a whole, the complaint should be dismissed and the award be upheld.

Respectfully submitted,

/s/ Anton G. Hajjar

Anton G. Hajjar (D.C. Bar No. 359267)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, NW, Suite 200
Washington, D.C. 20005-4178
Telephone (202) 898-1707
Facsimile (202) 682-9276
ahajjar@odsalaw.com

Dated: December 21, 2007