IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:06CV01986 (JR) |
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | )<br>)<br>) |
| and | ) |
| UNITED STATES POSTAL SERVICE, | )<br>) |
| Defendants. | ) |

**PLAINTIFF NATIONAL POSTAL MAIL
HANDLERS UNION'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff National Postal Mail Handlers Union ("NPMHU") hereby submits this Reply Memorandum in support of its Motion for Summary Judgment.

**ARGUMENT**

Defendant American Postal Workers Union's ("APWU") Memorandum in Opposition to the NPMHU's Motion for Summary Judgment (d/e 29)—together with the APWU's separate, but nearly-identical, Memorandum in Opposition to the United States Postal Service's ("USPS" or "Postal Service") Motion for Summary Judgment (d/e 28)—cloud the issue in what we previously have shown is a straightforward case. *See* Plaintiff NPMHU's Memorandum in Opposition to APWU's Motion for Summary Judgment

("NPMHU Opp. Mem.") (d/e 31), at 1 (summarizing the NPMHU's position herein).[1]  A few brief (and interrelated) points are thus in order to set the record straight:

    1.    In its opposition memoranda, the APWU continues to press its position that this Court owes "deference" to Arbitrator Anderson's determination that the parties to the arbitration proceeding—the NPMHU, the APWU and the USPS—entered into a "mutual agreement" to arbitrate the merits of the APWU's jurisdictional claim without regard to its timeliness under the parties' April 1992 Memorandum of Understanding ("MOU").  On this occasion, however, the APWU principally relies on the following sentence wrenched out of context from the D.C. Circuit's *en banc* decision in *Madison Hotel v. Hotel and Restaurant Employees, Local 23, AFL-CIO*, 144 F.3d 855, 857 (D.C. Cir. 1998):  "An 'arbitrator's view of the issues submitted to him for arbitration [also] . . . receives the same judicial deference as an arbitrator's interpretation of a collective bargaining agreement.'"  *See* APWU Opp. to NPMHU Motion, at 7 & n.6 (bracketed language and ellipsis added by APWU); APWU Opp. to USPS Motion, at 6 (same).

    Tellingly, the APWU omits any reference to the footnote that accompanies the foregoing sentence in the *Madison Hotel* Court's opinion—which reads, in full:

> This question—the scope of the submission to the arbitrator—*should not be confused with the question of arbitrability*—whether the employer and the union *agreed* in the collective bargaining agreement *to put a particular issue to arbitration*.  The latter question is reviewed by a federal court *de novo*.  *See, e.g.*, *Williams v. E.F. Hutton & Co.*, 753 F.2d 117, 119 (D.C. Cir. 1985); *Davis v. Chevy Chase Fin. Ltd.*, 667 F.2d 160, 166-67 (D.C. Cir. 1981).  The former, as we have just indicated, is not.

---

[1]  To distinguish between the APWU's two separate opposition memoranda, we refer to them as "APWU Opp. to NPMHU Motion" and "APWU Opp. to USPS Motion," respectively.

2

*See Madison Hotel*, 144 F.3d at 857 n.1 (emphasis added).[2]

It is this above-quoted footnote from *Madison Hotel*—and *not* the textual sentence to which this footnote is appended—that states the appropriate standard of judicial review in the present case. As we have emphasized in our prior briefs to this Court, in his award, Arbitrator Anderson undertook to render a merits decision on the APWU's jurisdictional claim based on his determination that the parties had entered into a "mutual agreement" to arbitrate the merits of that claim without regard to its timeliness under the parties' MOU. Under *Madison Hotel* and the prior D.C. Circuit decisions relied on by the *Madison Hotel* Court, the question of whether the parties *did in fact* enter into such a "mutual agreement" to arbitrate the merits of the APWU's jurisdictional claim without regard to its timeliness under the parties' MOU is a threshold "question of arbitrability . . . [to be] reviewed by [this Court] *de novo*." *Id.*

2. Although, as noted, the APWU omits any reference to the above-quoted footnote from *Madison Hotel* in its opposition memoranda, the APWU manifests its understanding of the hornbook law stated by the Court of Appeals in this footnote by

---

[2] In the first D.C. Circuit decision relied on by the *Madison Hotel* Court in stating the legal principle that "the question of arbitrability . . . is reviewed by a federal court *de novo*," the Court of Appeals put the matter this way: "Nor would the decision of the arbitrators be entitled to any deference if they were found to have exceeded their authority by reaching out to decide matters not consigned to their discretion by the arbitration agreement. There is no duty to arbitrate matters not subject to the arbitration agreement, . . ., and no authority on the part of arbitrators to consider matters not necessary to the resolution of disputes actually submitted, . . . ." *See Williams*, 753 F.2d at 119 (internal citations omitted). And, in the second D.C. Circuit decision relied on by the *Madison Hotel* Court, the Court of Appeals explained this issue in this fashion: "Where, however, a party to an arbitration proceeding challenges the arbitrator's *authority* to decide a particular issue, the function of a reviewing court is different. The threshold question of arbitrability is one of law, and a reviewing court is obligated to make its own determination of the issue." *Davis*, 667 F.2d at 166-67 (emphasis in original).

arguing that that hornbook law has no application in the factual circumstances of this particular case.  That is so, says the APWU, because the parties to this case followed the unorthodox "procedure" of "assign[ing] the authority to determine arbitrability" to the Arbitrator himself; and "[t]his procedure distinguishes those cases holding that arbitrability is for the court, not the arbitrator, to decide."  *See* APWU Opp. to NPMHU Motion, at 3 & n.3; APWU Opp. to USPS Motion, at 7 & n.2.

This desperate gambit by the APWU fails.  In *Madison Hotel* terms, "the question of arbitrability" presented by this case is whether the parties to the arbitration proceeding did in fact enter into a "mutual agreement" to arbitrate the merits of the APWU's jurisdictional claim without regard to its timeliness under the parties' MOU.  *Supra* p. 3.  The APWU cites nothing in the arbitration record to support its bald assertion that the parties to the arbitration proceeding "assigned" that "question of arbitrability" to Arbitrator Anderson himself—*i.e.*, that they asked Arbitrator Anderson himself to make a factual finding as to the existence *vel non* of such a "mutual agreement"—and that is unsurprising, because there is nothing.

In arguing to the contrary, the APWU is seeking to take undo advantage of what we concede was a degree of imprecision in the NPMHU's and USPS's lay advocate submissions to Arbitrator Anderson.  The *only* question that the parties *did in fact* "agree[ ] . . . to put . . . to" Arbitrator Anderson, *Madison Hotel*, 144 F.3d at 857 n.1, was the question of whether the APWU's jurisdictional claim *was time-barred under the parties' MOU*, inasmuch as (i) the APWU's claim pertained to "scanning" work that the Postal Service had assigned to NPMHU-represented employees prior to the MOU's April 1992 effective date, and (ii) the APWU asserted its claim in March of 2001, nearly a

4

decade after the April 1992 deadline for challenging jurisdictional work assignments as they existed as of that April 1992 date. *See* Plaintiff National Postal Mail Handlers Union's Memorandum in Support of its Motion for Summary Judgment (d/e 25), at 6-7.

In arguing that the APWU's jurisdictional claim was time-barred under the parties' MOU, the NPMHU and the USPS stated that upon so finding, Arbitrator Anderson should dismiss the APWU's jurisdictional claim as "non-arbitrable" without reaching its merits. *See id.* This statement was imprecise, because while a time-barred jurisdictional claim is to be sure "non-arbitrable," it is far more than that—it is a claim *that has been extinguished* by operation of the parties' MOU and thus *is not grievable at all* yet alone "arbitrable." But that imprecision notwithstanding, it cannot seriously be maintained that in "assign[ing]" Arbitrator Anderson the task of deciding whether the APWU's jurisdictional claim was timely-filed under the MOU and thus "arbitrable" *in that sense of the word*, the parties were instead "assign[ing]" Arbitrator Anderson the altogether different task of deciding whether the APWU's jurisdictional claim was "arbitrable" *in the analytically-distinct Madison Hotel sense of the word—i.e.,* was "arbitrable" because the parties had entered into a "mutual agreement" to arbitrate the merits of the APWU's jurisdictional claim *without regard to its timeliness under the parties' MOU*.

3.     Again seeking to take undo advantage of the NPMHU's and USPS's imprecision in the foregoing respect, the APWU feigns bewilderment as to "how the Postal Service can contend that the arbitrator failed to decide the issue of *arbitrability* which the parties submitted to him." *See* APWU Opp. to USPS Motion, at 4 (emphasis added). But the Postal Service "conten[tion]" that the APWU derides—read fairly and in

5

context—is, in reality, a "conten[tion]" that the Arbitrator "failed to decide the issue of *timeliness* which the parties submitted to him."[3]

That Postal Service "conten[tion]" is not merely well-taken; it is irrefutable. As we showed in our Memorandum in Opposition to the APWU's Motion for Summary Judgment, Arbitrator Anderson himself recognized that the operative language in the April 1992 MOU stating that "'no new disputes will be initiated at the local level by either union challenging jurisdictional work assignments in any operation as they currently exist' . . . clearly points in the direction of limiting the filing of grievances for [then] existing work." *See* NPMHU Opp. Mem. at 11. Yet Arbitrator Anderson *declined to so rule—*and to thereby dismiss the APWU's jurisdictional claim as time-barred under the MOU.

The *sole* ground given by Arbitrator Anderson for casting the "clear[ ]" language of the MOU aside and declining to dispose of the matter before him on the basis of that "clear[ ]" MOU language was this: "[T]he parties nonetheless agreed to seek clarification of this [jurisdictional] dispute in the RI-399 arbitration process. To void this mutual agreement would be tantamount to a third party neutral assuming a role bordering on god-like judgement [sic]." *See* Joint Ex. 1 at 9. We thus come full circle to "the question of arbitrability" presented by this case: Did the parties to the arbitration proceeding *in fact* enter into a "mutual agreement" to arbitrate the merits of the APWU's jurisdictional claim without regard to its timeliness under the parties' MOU? *Supra* p. 3.

---

[3] Neither the USPS nor the NPMHU has "contend[ed]" that Arbitrator Anderson failed to decide the issue of "arbitrability" *in the Madison Hotel sense of the word*. Indeed, the very predicate of this lawsuit is that Arbitrator Anderson *did* find the APWU's jurisdictional claim "arbitrable" in that analytically-distinct sense—albeit on a ground that cannot withstand judicial review under any standard, much less the *de novo* standard dictated by *Madison Hotel*.

As both the NPMHU and the Postal Service have shown in their prior briefs to this Court, the answer to this question is a clear and resounding "no." There never was any such "mutual agreement" to arbitrate the merits of the APWU's jurisdictional claim without regard to its timeliness under the parties' MOU. That being so, Arbitrator Anderson's award—in which he undertook to decide the merits of the APWU's jurisdictional claim on the basis of such a non-existent "mutual agreement"— is *ultra vires* and should be vacated by this Court on that ground.

## CONCLUSION

For the foregoing reasons, and those stated in the NPMHU's and Postal Service's prior briefs to this Court, the Court should enter summary judgment in favor of the NPMHU and the Postal Service, and issue an Order vacating Arbitrator Anderson's award in the matter captioned "Case # F98C-IF J - 01185458 (Loading Dock Scanning)."

Respectfully submitted,

  /s/ Bruce R. Lerner
Bruce R. Lerner (D.C. Bar No. 384757)
Andrew Roth (D.C. Bar No. 414038)
Todd E. Edelman (D.C. Bar No. 447455)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, NW, Suite 1000
Washington, DC  20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888
Email: blerner@bredhoff.com

*Attorneys for Plaintiff NPMHU*

Dated:    December 21, 2007