UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,<br><br>     Plaintiff & Counter-Claim Defendant,<br><br>          v.<br><br>AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>     Defendant & Counter-Claimant,<br><br>          and<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant & Cross-Claim Defendant. | Civil Action No. 1:06CV1986 (JR) |

**UNITED STATES POSTAL SERVICE'S REPLY MEMORANDUM**

The Postal Service submits this reply to the American Postal Workers Union's ("APWU") opposition to the Service's motion for summary judgment. As the briefing thus far confirms, the facts of this case are undisputed and the parties' only disagreements pertain to their characterizations of and inferences to be drawn from those facts.

In its opposition to both the Postal Service's and the NPMHU's motions for summary judgment seeking to vacate the arbitrator's award, the APWU strives to read into the award something that is simply not there -- a "finding of fact" by the arbitrator that the parties had waived the issue of arbitrability. But, no such "finding of fact" was made. Nor could any such finding be sustained even if it had been made, because there is absolutely no evidence that could

1

even remotely support a finding that the parties agreed to waive arbitrability. To the contrary, the undisputed factual evidence establishes that the parties *expressly reserved* the right to challenge arbitrability, and the uncontradicted evidence further establishes that they did so challenge.

The ultimate resolution of the underlying grievance in this case and all similar "RI-399" disputes requires a two-step arbitral analysis. The first step is a determination of whether the dispute is arbitrable and resolution of that question requires analysis of whether the dispute is within the limited class of circumstances defined by RI-399 (i.e., new work, new or consolidated facility, or operational change) allowing the dispute to be heard, or a waiver of that issue. The second step, assuming a finding of arbitrability, requires the arbitrator to award the disputed work to the correct union.

With respect to the initial step, the arbitrator's award does *not* contain any analysis of the scope of RI-399. Instead, at two places in the award, the arbitrator acknowledges that the "arbitrability" issue exists, but then inexplicably finds that the parties agreed to waive that issue by the very act of referring the case for arbitration.

> While acknowledging that the Employer's reliance on the language ["new or consolidated facility, new work, or an operational change"] relative to the criteria for submitting jurisdictional issues into arbitration, *[the arbitrator] could not ignore the fact that the RDRC [Regional Dispute Resolution Committee] committee agreed to go that route.*

(J.Ex.1 at (award) at 3) (emphasis added). Later, after again acknowledging RI-399 restricts jurisdictional disputes to cases involving "new or consolidated facility, new work, or an operational change," the arbitrator stated:

> [A]rbitrability was generally favored by the Undersigned principally *because the parties mutually agreed* to adjudicate the jurisdictional dispute utilizing the RI-399 jurisdictional arbitration process. *The arbitrator did not find it appropriate to overrule this mutual agreement.* While the language clearly points in the direction

2

>of limiting the filing of grievances for existing work, the parties nonetheless agreed to seek clarification of this dispute in the RI-399 arbitration process. To void this mutual agreement would be tantamount to a third party neutral assuming a role bordering on god-like judgment.

(*Id.* at 9) (emphasis added). Though, as the APWU has acknowledged, the award does not use the term "waiver," the above language leaves no other rational interpretation except that the arbitrator erroneously believed arbitrability had been conceded by a "mutual agreement." That belief not only has *no* support in the record, but is unequivocally contradicted by the letter scheduling the case for hearing.

In a curious and blatant mischaracterization, the APWU states that the Postal Service argues "that the arbitrator impermissibly *relied* on the letter scheduling the hearing (which contained an express [sic] reservation of the parties' right to contest arbitrability)" (APWU Opp. at 8) (emphasis added).[1] The Postal Service made no such argument, however. To the contrary, the Postal Service's argument is precisely that, rather than relying on the scheduling letter expressly reserving the arbitrability issue, the arbitrator *completely ignored the issue*. Indeed, the award lacks any indication that the arbitrator relied on, or even read, the letter. Had the arbitrator focused on the letter, he would have learned that his first mandate was to determine whether the dispute fell within the ambit of RI-399 and was thus arbitrable. But, nowhere in the award does the arbitrator actually discuss the scope of RI-399 other than his acknowledgment above that "the language clearly points in the direction of limiting the filing of grievances for existing work.," (J.Ex. 1 at 9).

---

[1] Though the APWU attempts to parse its arguments between the USPS and the NPMHU, it repeats this argument verbatim in its opposition to the NPMHU's motion – characterizing the NPMHU as also arguing that the arbitrator "relied" on the scheduling letter. We leave it to the NPMHU to respond, but it appears to us the APWU mischaracterizes the NPMHU's position .

3

That the arbitrator somehow found that the very act of submitting the case to him as an RI-399 arbitrator constituted a waiver of arbitrability is, as accurately characterized by the NPMHU, unfathomable.

But, Arbitrator Anderson further compounded this error by deciding the underlying merits concerning which union can rightfully claim "jurisdiction" over the scanning work at issue. As noted in our opening brief, the RI-399 procedures adopted by all parties include a "question and answer document" interpreting the RI-399 which states, in relevant part: "[i]f the [Dispute Resolution] Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration *for resolution prior to the parties addressing the merits of the dispute.*" (J.Ex. 1 at 213) (emphasis added).  This language was quoted to Arbitrator Anderson in the APWU's closing brief following the hearing. (J.Ex. 1 at 15). In this case, the Dispute Resolution Committee *was* "in disagreement as to whether or not the grievance involve[d] a jurisdictional claim" arbitrable under RI-399 and "that question" *was* appealed to arbitration. Arbitrator Anderson's proper function at that point was to resolve "that question," i.e., whether the dispute involved a jurisdictional claim and was therefore arbitrable. As demonstrated above, the arbitrator failed to resolve "that question," but instead ruled that the parties had waived arbitrability, even though it was uncontradicted that the issue had been preserved and presented to him for resolution. He then went on to resolve the merits, ruling that the scanning work in question was within the "jurisdiction" of the APWU. Thus, the arbitrator failed to actually decide the issue of arbitrability he was retained to decide, and then went on to decide the merits which he was not authorized to decide.

4

The parties' briefs all acknowledge that the standard for judicial review of an arbitration award is deferential. But, "deferential" does not mean that the court should abdicate its responsibility to ascertain that the arbitrator's award "draw[s] its essence" from the parties' agreement that the arbitrator was asked to interpret. <u>United Steelworkers v. Enterprise Wheel & Car Corp.</u>, 363 U.S. 593, 597 (1960). "Judicial deference to arbitration . . . does nor grant carte blanche approval to any decision an arbitrator might make . . . *The arbitrator's authority is circumscribed by the arbitration agreement, and he can bind the parties only on issues that they have agreed to submit to him.*" <u>Piggly Wiggly Operators' Warehouse Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No.</u> 1, 611 F.32d 580, 583 (5th Cir. 1980) (emphasis added) (internal citation's omitted). Moreover, the determination of whether an arbitrator has exceeded the bounds circumscribed by the parties' agreement "is an issue for judicial resolution." 611 F.2d at 583.

The APWU argues that the award should be affirmed if there is a "permissible route" that could lead to a valid affirmance. But, no such "permissible route" can be properly inferred in this case. This is not a case where the award provides no explanation, or even an ambiguous one. While it may be appropriate to infer a valid rationale where an arbitration award either provides none or states an ambiguous one, it is not appropriate to do so where, as here, the arbitrator explained his rationale and that rationale blatantly ignores the uncontradicted facts and the parties' agreement to limit arbitration only to cases falling within RI-399. The rationale advanced by the arbitrator – that submitting the dispute to RI-399 arbitration means the parties have effectively conceded that the dispute is within RI-399 and therefore arbitrable – has no factual support, but is instead contradicted by the parties' agreement, which limits the kind of cases the ar-

bitrator can hear, and calls upon the arbitrator to make an arbitrabililty decision at the initial step. Thus, there is no basis to "infer" a "permissible route" to affirm this award, as urged by the APWU.

## CONCLUSION

For the reasons stated above, and for those set forth in our opening brief and opposition, the APWU's motion for summary judgment seeking to affirm the award should be denied, and the Postal Service's and the NPMHU's motions for summary judgment vacating the award should be granted.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR , Bar # 498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

\_\_/s/_____
CLAIRE WHITAKER, Bar # 354530
Assistant United States Attorney
555 Fourth Street, NW, Tenth Floor
Washington, DC 20530
202-514-7137

Of Counsel:
DENNIS E. SZYBALA
United States Postal Service