**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NATIONAL POSTAL MAIL HANDLERS  :
UNION,                          :
                                :
    Plaintiff,              :
                                :
  v.                          :  Civil Action No. 06-1986 (JR)
                                :
AMERICAN POSTAL WORKERS UNION,  :
AFL-CIO, *et al.*,              :
                                :
    Defendants.             :

**MEMORANDUM**

The parties to this suit -- plaintiff National Postal Mail Handlers Union ("MHU"), and defendants American Postal Workers Union ("PWU") and United States Postal Service ("Postal Service") -- submitted a labor dispute for arbitration. Two of the three parties are unhappy with the result. MHU sues to vacate the arbitrator's decision on the grounds that the arbitrator erred in finding that the dispute was arbitrable and that he exceeded his authority by issuing an award on the merits. The Postal Service contends that the award should be vacated as well.

Before me are the Postal Service's and MHU's motions for summary judgment, and PWU's cross-motion for summary judgment. PWU's motion will be granted.

**Background**

MHU and PWU are labor organizations that represent Postal Service employees. In 1979, the Postal Service issued

Regional Instruction No. 399 ("RI-399"), setting forth the criteria it would use to allocate work between MHU and PWU members. In April 1992, attempting to resolve persistent squabbling about the meaning of RI-399, the Postal Service, MHU, and PWU entered into an Agreement that the unions would only file grievances over "new" work assignments. Under the Agreement, any grievance challenging work assignments made before April 1992 were not "jurisdictional claims" and would not be considered. J.E. 1, at 196. Grievances over new work assignments: would be referred to a Local Dispute Resolution Committee ("LDRC"); then, on appeal, to a Regional Dispute Resolution Committee ("RDRC"); and finally, to an arbitrator. Id. at 196-201.

In 2001, PWU grieved the Postal Service's assignment of bar code scanning work. The Postal Service responded that the grievance was not a jurisdictional claim because the assignment was made before April 1992. Under a separate agreement, disputes about whether a grievance is a jurisdictional claim

> must be referred to the Dispute Resolution Committee for an initial determination as to whether or not [the grievance] involves a jurisdictional claim. If it is determined it involves a jurisdictional dispute, the grievance will be processed in the Dispute Resolution Procedures. If the Committee is in disagreement as to whether or not the grievance involves a jurisdictional claim, that question is appealable through the Dispute Resolution Procedures up to and including arbitration for resolution prior to the parties addressing the merits of the dispute.

Id. at 213.  Accordingly, the Postal Service referred the grievance to the LDRC for an "initial determination as to whether it involves a jurisdictional claim."  Id. at 50.

Although the jurisdictional question was supposed to be resolved "prior to the parties addressing the merits of the dispute," all the parties argued the jurisdictional issue and the merits together.  See id. at 45-48 (Postal Service); id. at 53-54 (PWU); id. at 55-57 (MHU).  When the LDRC could not resolve either issue, PWU appealed to the RDRC, which was also unable to decide either issue.  See id. at 28-35.  PWU then invoked the arbitration clause.  Id. at 27.

Notwithstanding that they argued the merits along with the jurisdictional issue before the LDRC and the RDRC, the Postal Service and MHU claim that the only issue submitted for arbitration was whether the grievance was arbitrable -- that is, whether it was a valid jurisdictional claim subject to the arbitration under the Agreement's dispute resolution procedures.  PWU argues that the parties also asked the arbitrator to rule on the merits of the grievance, should he find that the grievance was a jurisdictional claim.  In any event, the arbitrator decided both questions: he determined that the grievance was arbitrable, and he issued an award on the merits in PWU's favor.  Id. at 1-9.

**Analysis**

Labor arbitration awards are entitled to "the greatest deference imaginable," Utility Workers Union of Am., Local 246 v. NLRB, 39 F.3d 1210, 1216 (D.C. Cir. 1994), and should be vacated only "in rare instances." Eastern Associated Coal Corp. v. United Mine Workers of America, Dist. 17, 531 U.S. 57, 62 (2000). This is not one of those instances.

The arbitrator's conclusion that the dispute is arbitrable is probably erroneous. His explanation -- that the parties had "mutually decided" that the dispute would be arbitrable[1] J.E. 1, at 3 -- seems at odds with the record. In a letter to the arbitrator suggesting a hearing date, the parties noted that "[t]his letter does not constitute a waiver by either party of any issues of arbitrability or timeliness as it relates to the processing of grievances." Id. at 26. And at the hearing, both the Postal Service and MHU, in the arbitrator's own

---

[1] The arbitrator writes:

> It would be inappropriate and beyond the Arbitrator's impartial role to deny the parties' request for a jurisdictional determination for the work in question and once such a decision is made, he becomes "functus officio" and no longer had official quasi-legal standing in the case unless the parties mutually agree otherwise. Presumably the three (3) parties mutually decided to seek third party neutral guidance as to the future of this dispute.

J.E. 1, at 3.

words, "contended that . . . the APWU's grievance did not meet the basic jurisdictional arbitration requirement." Id. at 3.

Nevertheless, the "record disclose[s] a permissible route to the stated conclusion." Sargent v. Paine Webber Jackson & Curtis, Inc., 882 F.2d 529, 532 (D.C. Cir. 1989).  The Postal Service notes, correctly, that courts have tended to apply the "permissible route" rule to arbitration decisions that arrive with ambiguous explanations or no explanations at all, not to decisions with plainly incorrect explanations.  See Dkt. 26, at 14.  As the Seventh Circuit observed:

> It would be a serious practical mistake, moreover, to subject the reasoning in arbitrators' opinions to beady-eyed scrutiny.  It might discourage them from writing opinions at all. . . . Arbitrators are not required to write opinions, any more than juries are. It is a good thing when they do, because writing disciplines thought.  We should not create disincentives to their doing so.

Chicago Typographical Union No. 16 v. Chicago Sun-times, Inc., 935 F.2d 1501, 1506 (7th Cir. 1991).

Here, PWU asserts that the Agreement is ambiguous and should be read to allow PWU to pursue remedies, including arbitration, id. at 15, because labor law disfavors the "forfeiture of remedies" and that "parties intending such harsh results must clearly and unambiguously express their intent when crafting procedural rules." J.E. 1, at 14.  That argument, unpersuasive as it may be, represents a permissible route to the arbitrator's conclusion.

- 5 -

The Postal Service and MHU next contend that the arbitrator exceeded his authority by issuing a decision on the merits of the grievance.  Where, as here, there was no formal submission of the issues, see Dkt. 25, at 12, the parties' presentations define the scope of the issues, and the arbitrator's perception of the issues before him "receives the same judicial deference as [his] interpretation of a collective bargaining agreement."  Madison Hotel v. Hotel & Rest. Employees, Local 25, 144 F.3d 855, 857-58 (D.C. Cir. 1998) (en banc). Because PWU argued the merits of the grievance throughout its presentation, and MHU argued the merits at some length its closing brief, I cannot quibble with the arbitrator's decision to issue an award on the merits.  See J.E. 1, at 356-61.

### **Conclusion**

There are no grounds on which to vacate the arbitrator's award.  PWU's motion for summary judgment [#24] is granted by the order that accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge